JAMES R. SHELTON, *et al., v.* MARTHA M. SMITH, *et al.*

GUARDIAN BOND. *Sureties.* The sureties on a regular guardian bond, given before the Code went into effect, are not liable for money paid the guardian arising from a subsequent sale of land. For this a special bond should have been given. Nor is a surety upon the bond liable for money paid the guardian on account of a ward who, at the time of payment, was of age.

---

. FROM LINCOLN.

---

Appeal from the Chancery Court.    J. W. BURTON, Special Chancellor.

NEWMAN & ALLEN for Shelton *et al.*

BAYLES & BURMAN and BRIGHT & SON for Smith *et al.*

NICHOLSON, C. J., delivered the opinion of the Court.

This is a bill filed by two of the children of Alfred Smith against Martha M. Smith, their guardian, and her sureties, for a settlement of her guardian account, and for a decree against her and her sureties for the amount unaccounted for by her.

We find no error in the rulings of the Chancellor on the exceptions to the report of the Clerk and Master, and so far as the amounts found due to complainants respectively are concerned, we affirm the same.

But it appears that Martha M. Smith was appointed

guardian in 1854, and gave bond, with J. M. Smith and F. A. Dickerson as sureties. The lands of the estate were sold, by order of the Circuit Court, for distribution, and from the proceeds the Clerk paid over to the guardian, for complainant, Mary V., in August, 1857, and September, 1858, about $815, and for complainant Alice, at the same dates, about $860. No special bond was given to cover these amounts.

It appears, further, that the guardian made a settlement with the County Court, in 1860, when she was indebted to complainant, Mary V., in $850 70, and to complainant, Alice, in $910 57. It further appears, that in 1861, the guardian renewed her bond, with S. M. McElroy and F. A. Dickerson as her sureties. In 1866, two years after Mary V. was of age, J. M. Smith and S. M. McElroy, the administrators of Alfred Smith, paid over to Martha M. Smith, as guardian, $1,062 35, for Mary V., and for Alice, who was still a minor, the same sum, $1062 35. Upon these facts, which appear in the bill and answer, it is insisted, that the Chancellor erred in giving a decree against the sureties of the guardian for the amount found due complainants, respectively, received by the guardian from the land sale, and from the decrees in 1866, after one of the wards, Mary V., had become of age. The bonds of the guardian, executed in 1854 and 1861, are not in the record, but their due execution is admitted in the pleadings. As the law was before the Code, the sureties of a guardian were not responsible for the proceeds of land sold

James R. Shelton, *et al.*, *v.* Martha M. Smith, *et al.*

by order of Court, and paid over to the guardian, without taking special bonds. The defendants make no special defence as to their liability on the bonds as to the land fund, or that received by the guardian in 1866, but the facts are stated, and the question of their liability submitted to the Court. It follows, that for the land fund, received by the guardian in 1857 and 1858, prior to the Code, the sureties, J. M. Smith and F. A. Dickerson, cannot be held responsible. But this fund was in the hands of the guardian in 1861, when her bond was renewed, as appears from her settlement in 1860. Her sureties on that bond were McElroy and Dickerson, and as the bond they executed was in pursuance of the directions of the Code, they became responsible for the amount then in the hands of the guardian.

But it appears, from the report of the Clerk and Master, that the disbursements made by the guardian for her wards, and which were allowed by the Chancellor, were about equal to the amounts in her hands at the time McElroy and Dickerson became sureties on her bond in 1861. They are, therefore, entitled to the benefit of a credit for their disbursements. After 1861, J. M. Smith and S. M. McElroy, the administrators of Alfred Smith, paid over to the guardian about $1,000. This payment was made in 1866, two years after complainant, Mary V., became of age. At that time McElroy and Dickerson were sureties on the guardian bond, but so far as the share of the fund paid over that belonged to Mary V. is con-

cerned, they cannot be responsible, as it was not received by the guardian while she was guardian. But complainant Alice was still a minor, and they are responsible for her share of the fund so paid over. It follows, that the decree in favor of Shelton, as administrator of his wife, Mary V., was erroneous, and must be reversed as to the sureties, but affirmed as to Mary M. Smith, and that the judgment in favor of complainant Alice is erroneous as against J. M. Smith, and must be reversed as to him, but as against Mary M. Smith, S. M. McElroy, and F. A. Dickerson, the judgment is correct, and is affirmed.

The costs of this Court will be paid by Mary M. Smith, S. M. McElroy, and F. A. Dickerson, and the costs below as decreed by the Chancellor.