# CHARLESTON.

TALBOTT *et al. v.* CURTIS *et al.*

Submitted March 31, 1908.   Decided February 9, 1909.

1.   GUARDIAN AND WARD—*Recitals of Bond—Estoppel to Deny.*
    Securities in bonds of guardians, and bonds of like character, reciting the appointment and qualification of such fiduciary, are, in suits against them on such bonds, estopped by such recitals, from questioning the fact of the appointment and qualification of such fiduciary.   (p. 137.)

2.　SAME—*Bond of Guardian—Actions—Parties.*

　　Where a guardian of infants, in his annual settlement, has so blended the funds coming into his hands under his original appointment, with funds received by him, from the sale, in summary proceedings, of the interests of his wards in coal, so that it can not be definitely determined therefrom, from which of said funds the balances found in their favor in said settlements, were derived, or what part or parts of said balances are applicable to one fund and what to the other, nor how the same should be apportioned between the original bonds and the bonds given in such summary proceedings; in a suit by three of said infant heirs against said guardian and the said bondsmen for a re-auditing and re-statement of said several accounts, and for decrees against him and his sureties in said bonds for the balances for which they are respectively liable, the other heirs interested in said accounting are necessary and proper parties thereto. (p. 139.)

3.　APPEAL AND ERROR—*Reversal—Sua Sponte—Grounds.*

　　Although the point may not be made by the parties, it is the duty of an appellate court, observing the absence of necessary parties, *sua sponte*, to reverse the decree below, and to require the absent parties to be brought in, that a decree binding all may be pronounced. (p. 139.)

　　Appeal from Circuit Court, Gilmer County.

　　Bill by Edna Ethel Talbott and others by John J. Hendrick, their next friend, against George M. Curtis and others. Decree for complainants, and defendants appeal.

*Reversed and Remanded.*

　　W. W. BRANNON, for appellants.

　　LINN, BRANNON & HENDRICK, for appellees.

MILLER, PRESIDENT:

　　This is a suit in equity by Edna Ethel, Doy B., and L. O. Talbott, infant children and heirs at law of D. B. Talbott deceased, suing by John J. Hendrick, their next friend, against George M. Curtis, their former guardian, removed, and Lloyd Rinehart, Wm. M. Arnold and William H. Norman, sureties in the three original fiduciary bonds of said Curtis, in the penalty of one hundred dollars each; and George M. Curtis, guardian, and William Rinehart and C. E. Lamb, his sureties on three other bonds executed by them, October 2, 1901, in the penalty of fifteen hundred dollars each, in three several summary suits or

proceedings in the said circuit court of Gilmer county, against the said three several infants and E. J. Martin, conditioned for the true and faithful application of the proceeds of the sale of the several interests of said infants in the coal decreed to be sold in said proceedings, according to the direction of the court, and for the accounting and paying over of the same according to law; and C. M. Bennett and R. F. Kidd, trustees.

Plaintiffs allege that from time to time, after his appointment, said Curtis, guardian, made various settlements of his accounts which were confirmed by the county court; but that he had made no settlement for the year 1904; that his last settlements, made April 16, 1905, show balances, in favor of the plaintiffs, as follows: Edna Ethel Talbott, $782.20, Doy B. Talbott, $702.64, and L. O. Talbott, $666.60. But as grounds for equitable jurisdiction, it is alleged that it appears from said several settlements that said guardian, has so blended the funds coming into his hands under his original appointment, with the funds received by him from the sale of coal in said summary proceedings, that it can not be definitely determined therefrom, from which of said funds said balances were derived, or what parts of said balances are applicable to the one fund and what to the other, nor how the same should be apportioned between said two sets of sureties. It is also alleged in the same connection that said guardian had been at no time, by any proceeding in court, authorized to spend for any year anything in excess of the income from the estates of said plaintiffs, and that if such expenditures had exceeded such income no credit for such disbursements beyond such income should be allowed in settlement.

Other allegations, not necessary to be considered, were also made; and the prayer was that, if necessary, the accounts and settlements of the guardian be re-audited and re-stated before a commissioner; that the true balances which plaintiffs should be entitled to recover, respectively, upon the several bonds aforesaid be ascertained, and decreed them respectively, and that certain funds, alleged to have come, or that might come into the hands of C. M. Bennett and R. F. Kidd, Trustees, under two certain deeds of trust, executed by said Curtis to them, as set forth in the bill, and to which plaintiffs allege themselves entitled, might be decreed to them; and there was a prayer for general relief.

The sureties in each set of bonds, except Wm. M. Arnold, demurred to and answered the bill. The demurrers being overruled, and the matters of record alleged in said answers, as showing the alleged invalidity of said fiduciary bonds, hereafter to be disposed of, upon exceptions of the plaintiff thereto, being stricken out, and the bill being taken for confessed as to the other defendants, the cause was, without further proceedings, referred to a commissioner, with directions "to raise and state the accounts of the defendant George M. Curtis as Guardian for the plaintiffs, Edna Ethel Talbott, Doy B. Talbott and L. O. Talbott, showing all receipts and disbursements by said guardian, and the balance in his hands, if any, payable to each of said infants, stating separately the balances which may be due, if any, from the said Guardian on account of the liability on each of the bonds in the bill mentioned, together with any other pertinent matter which he shall deem proper to report, or which may be required to be reported by any of the parties in interest."

On the incoming of the report of said commissioner the court below pronounced 'the final decree appealed from, overruling the exceptions of said demurrants and respondents thereto, and adjudging that the said Curtis, and his said sureties, in his said original bonds, should pay to each of the plaintiffs the sum of one hundred dollars, with interest; and that said Curtis and his sureties in said several bonds, given in said summary proceedings, should pay plaintiff, as follows: To Edna Ethel Talbott, $568.40; Doy B. Talbott, $516.50, and to L. O. Talbott, $560.36; and that the said Curtis, individually should pay to the said Edna Ethel Talbott, $142.73; to Doy B. Talbott, $123.72, and to L. O. Talbott, $125.71, the sums found to be due said infants respectively, with interest, and costs. There was no decree against Bennett and Kidd, Trustees, as prayed for.

The case, thus made, presents two questions for adjudication: First, are said several sets of bonds, or either of them, valid? and, second, was Nora E. Butcher, (nee Talbott) another heir and distributee of said D. B. Talbott, deceased, a necessary party to the suit.

We will first consider the questions presented as to the validity of said bonds. The sureties in said original bonds say, that it appears from the bill and exhibits, or if not from them, from

the bill and answers taken together, that said Curtis was appointed guardian to succeed Wm. M. Arnold, resigned, at a special term of the county court of Gilmer county; that the subject of his appointment, not being covered by the notice for such special session his appointment was illegal and void, and that their said bonds, for like reasons, are also void and not binding upon them. And the sureties in the bonds given in said summary proceedings also contend, that inasmuch as the appointment of said Curtis, guardian, so made at such special session of the county court, was illegal and void; said summary proceedings subsequently instituted and prosecuted by him, were, as if by a stranger, without authority and void, and that their bonds taken therein are likewise void, and impose upon them no liability to said plaintiffs.

The learned counsel for the appellants has presented us with an elaborate brief on these questions. There can be no doubt as he argues, that proceedings by a county court, at a special session, on a subject not covered by proper notice, posted and spread upon its records, are invalid. It has been so held by this Court in *Mayer* v. *Adams*, 27 W. Va. 244; *Hamilton* v. *Tucker County Court*, 38 W. Va. 71, and other cases cited. Nor can there be any doubt, as further argued, that circuit courts, although courts of general jurisdiction, are, in the exercise of rights and powers conferred by statute, in summary proceedings, limited thereby, and to that extent are courts of inferior or special jurisdiction, so held by this Court in *Davis* v. *Point Pleasant*, 32 W. Va. 289-294; in *Fowler* v. *Lewis*, 36 W. Va. 112, and perhaps also in other cases.

The notice of said special session, among other subjects to be acted upon, included the following: "to act upon the resignation of Wm. M. Arnold, guardian for the heirs of D. B. Talbott, deceased." The order of the court thereon was in each case, "that the said George M. Curtis be appointed guardian" for each of said infant heirs, "in room of W. M. Arnold, resigned;" and that "thereupon the said George M. Curtis being sworn, together with Lloyd Rinehart, Wm. M. Arnold, and W. H. Norman, appeared before the Court and acknowledged a bond in the penalty of One Hundred Dollars, conditioned according to law, which bond is approved." There may be room for difference of opinion as to whether or not said action of the court was covered

by the notice of said special session, and within the condemnation of the authorities cited. But can the appellants now be heard to question the validity of that appointment or of the bonds executed by them respectively? We think not; and that they are estopped, not only by the recitals in said bonds, but by the decrees and orders of the court in said summary proceedings. The questions raised as to the validity of said court proceedings, are, therefore, in our judgment, immaterial in determining the rights and liabilities of appellants.

Said several original bonds recite the appointment and qualification of said Curtis as guardian, and contain the conditions that if he shall faithfully discharge the duties of his office, and account for and pay over, as required by law, all the money which may come into his hands by virtue of his said office or trust, then shall his obligations be void; otherwise to remain in full force and virtue. And the bonds given by him in said summary proceedings also recite his appointment as guardian, the institution by him as such of said summary proceedings, and are conditioned for the faithful application by him, as such guardian, of the proceeds of the sale of the coal under decrees therein, according to the direction of the court. It has been so frequently decided by this Court, and by the courts of other states, and laid down in the text books, contrary to contention of appellants counsel, that sureties in bonds of guardians and fiduciary bonds of like character are estopped thereby from denying such recitals and from questioning the fact of the appointment and qualification of such fiduciaries, that it seems unnecessary for us to do more than refer thereto upon this occasion. We refer to our own case, *Findley* v. *Findley,* 42 W. Va. 372; *Caskie* v. *Harrison,* 76 Va. 85, 95, and the numerous other cases cited in 5 Ency. Dig. Va. & W. Va. Rep. 220, D. 2c.; *Bruce* v. *U. S.,* 17 Howard 437; *State* v. *Lewis,* 73 N. C. 140, holding guardians sureties estopped; *Town of Point Pleasant* v. *Greenlee & Harden,* decided by this Court December 17, 1907, 60 S. E. 601; Stearns on the Law of Suretyship, 376; Bigelow on Estoppel, (5th Ed.) 373; and Woerner Am. Law of Guardianship, 448.

The point is distinctly decided by this Court in *Findley* v. *Findley, supra,* where it is said: "Again the bond recited Findley to be guardian, and that the money was to go to him

as such; and the obligors are estopped from either saying he was not guardian, or was not receiving the money in that character." Citing *Monteith* v. *Comm.* 15 Grat. 172. In the case of *Point Pleasant* v. *Greenlee & Harden, supra,* it is said, in the seventh point of the syllabus: "When a bond is voluntarily entered into, and the principal enjoys the benefits it was intended to secure, and breach occurs, it is then too late to raise the question of its validity. The parties are estopped from availing themselves of such defense." The bonds given in said summary proceedings have even stronger claim to binding effect upon the sureties, for the reason that they were given and taken in a judicial proceeding. *Findley* v. *Findley, supra; Gibson* v. *Beckham,* 16 Grat. 321.

The remaining question is, was Nora E. Butcher a necessary party? We think she was; if not in her own interest, certainly the defendants had the right to have her brought in that she might be bound by any decree on the re-audited and re-stated account prayed for. Besides her, the exhibits with the bill show that Willis G. Talbott, another heir was not made a party. Why is he also not a necessary party? "Exhibit D" with the bill shows that commissioner I. N. Hardman, shortly before the institution of this suit, reported as due him from said guardian the sum of $1057.38; to Nora E. Butcher, $40.71, and to the plaintiffs the several sums ascertained to be due them. It no where appears that the guardian had settled with him. If the plaintiffs are properly joined in the bill, certainly these heirs should be before the court, either as plaintiffs or defendants; and although no point is made by appellants on the account of the absence of Willis G. Talbott, yet it is the duty of this Court on appeal, observing the absence of necessary parties, *sua sponte,* to require them to be brought in. *Reger* v. *Gall,* 54 W. Va. 373; *Wasserman* v. *Metzger,* 102 Va. 837; *Morgan* v. *Blatchley,* 33 W. Va. 155; 10 Ency. Dig. Va. & W. Va. Rep. 760, and many cases there cited. And the general rule is that all persons interested in the subject matter of the suit must be made parties; the reason being, that the court may be able "to do complete justice, by deciding upon and settling the rights of all persons interested in the subject matter of the suit, so that the performance of the decree of the court may be perfectly safe to those who are compelled to obey it, and also that future litigation may be

prevented." *James River & K. Co.* v. *Littlejohn,* 18 Grat. 76; *Crickard* v. *Crouch's Adm'r.,* 41 W. Va. 503; *Hoge* v. *Vintroux,* 21 W. Va. 1; 10 Ency. Dig. Va. & W. Va. Rep. 736, and many cases cited.

All that is said in argument by appellees counsel, on this question of want of parties, is that Nora E. Butcher was an adult, not caring to make complaint of the settlement, and being willing to accept, and having in fact accepted from the guardian a settlement of the amount appearing to be due her, and as an adjudication between appellees and the said sureties as to the particular bonds given in their behalf, would not effect the rights of said Nora E. Butcher, and as plaintiffs had common cause against said principal and sureties because of the alleged blending of their accounts, there was no necessity for making her a party. But how do we know Nora E. Butcher has settled with her guardian, and does not want to make complaint, or acquiesces in said settlements and blending of accounts. There is nothing in the record to show this, or tending to show it, except that from the settlements made, payments appear to have been made her, and that only a small balance remains due her. But this is not sufficient; she may for all we can see be awaiting the result of this suit to try her hand, also call for a re-auditing and re-statement of the guardianship accounts with her; and so also with respect to Willis G. Talbott; and if so what is to prevent them from involving defendants in another suit. Each of these absent parties are interested in the re-auditing of the blended and confused accounts, as much so as plaintiffs, and Curtis and his several bondsmen had the right to have them brought in, and a decree, binding on all alike, pronounced for or against them.

We must, therefore reverse the decree below, and remand the cause, with leave to plaintiffs to amend their bill, by bringing in the necessary parties, and for further proceedings.

*Reversed and Remanded.*