# CHARLESTON.

## VICK v. FERRELL, GUARDIAN, *etc., et al.*

### Submitted May 5, 1915.   Decided May 25, 1915.

1. GUARDIAN AND WARD—*Liability on Bond—Parties—Sureties on Different Bonds.*

   Where there are several accounts and several sets of sureties of the same fiduciary, and the accounts have been commingled and involved, it is proper in a suit to surcharge and falsify his accounts to implead with such fiduciary the sureties on all his bonds. (p. 308).

2. REFERENCE—*Account of Fiduciary—Want of Replication—Recommitment.*

   When on bill and answer in such suit and before replication to the answer the cause is referred to a master to state and settle the accounts of the fiduciary, the court, on return of the master's report, discovering the omission of such replication, may, on motion of plaintiff, before decree, set aside the order of reference and the report of the master thereon, and receive the replication, and thereupon re-commit the cause to the master to report upon the matters referred to him. (p. 308).

3. GUARDIAN AND WARD—*Suit to Surcharge and Falsify—Guardian's Account—Estoppel.*

   A ward is not estopped or precluded from prosecuting such suit, promptly instituted, to surcharge and falsify his guardian's accounts, by a provision inserted by the latter in a receipt given him by his ward, on reaching his majority, for money paid to him or on his account, purporting to affirm and ratify all prior transactions and settlements of the guardian, such ward being ignorant of any such settlements, and the same not then being exhibited or presented to him for affirmance or ratification. (p. 309).

Appeal from Circuit Court, Logan County.

Suit by Ella B. Vick against G. F. Ferrell, guardian, etc., and others. From a decree for plaintiff, defendants appeal.

                              *Affirmed.*

*E. H. Greene* and *Robert Bland,* for appellants.

*Lilly & Shrewsbury* and *John Chafin,* for appellee.

Miller, Judge:

Plaintiff's suit, brought shortly after reaching her majority, was to surcharge and falsify the ex parte settlements of her guardian. Her father died in 1903, leaving a small personal estate, and real estate of considerable value, consisting of a hotel property in the City of Logan, renting at forty dollars per month, and a tract of one hundred and fifty acres of land.

Ferrell qualified as plaintiff's guardian August 17, 1903, by giving a bond in the penalty of ten thousand dollars, with defendant, the Citizens' Trust & Guaranty Company of West Virginia as surety. The whole amount of the personal property, not including some of the rentals from the hotel property, collected by the guardian, amounted to only $69.60; including the rentals it amounted to $705.60.

On August 5, 1904, in summary proceedings instituted by the guardian in the circuit court of Logan County, a portion of said hotel lot was sold, yielding, after paying costs, the sum of $930.00. On December 1, 1904, on like petition, and order of said court, the timber on said tract of land was sold, defendant realizing therefrom $275.00. In each of these proceedings the guardian was required to execute a special bond, as required by the statute, for the proper application of the proceeds of these sales, but no bond was executed by him.

On March 22, 1905, upon a like petition of said guardian, and the decree of said court thereon, the guardian sold said tract of land, realizing therefrom, and from the interest accruing on the deferred payments, the sum of $7,268.70. In this proceeding he was required to and did execute a bond in the penalty of $12,500.00, with certain sureties, for the faithful application of this money.

The first of the ex parte settlements was made in July, 1905, the second in June, 1907, and the third in May, 1910. In these settlements the personal estate and the money realized

from the sale of the timber and the real estate were treated as a common fund.

Plaintiff reached her majority on March 11, 1910, and brought this suit September 2nd, following, making the defendant, Ferrell, her guardian, and the sureties in the several fiduciary bonds, defendants thereto.

The balance in favor of plaintiff, as shown by the last ex parte settlement, was $2,866.94. On a reference to the commissioner and exceptions thereto in this cause the balance found and decreed in favor of plaintiff and against Ferrell and the sureties on the last bond executed by him, was $4,065.09, with interest and costs. And it is from this decree that the guardian and these sureties have appealed.

The first point of error is that the court should have sustained appellants' demurrer to plaintiff's original and amended bills. The point on the demurrer is that the bill is multifarious for impleading in the same suit the two sets of sureties in the several fiduciary bonds, and as involving the settlement of several and distinct accounts.

There is no merit in this point. Where accounts of fiduciaries have become so commingled and involved by the guardian it is proper to implead both sets of sureties in the same suit. Both are interested in a proper settlement of the accounts. *Talbott* v. *Curlis.* 65 W. Va. 132; *Depue* v. *Miller, Id.* 120; *Findley* v. *Findley,* 42 W. Va. 372; *Kester* v. *Hill, Id.* 611. The authorities cited by the appellants for the contrary proposition are inapt.

The second point of error made by appellants is that for want of replication to their answer at the time the cause was first brought on for hearing, on the pleadings and the master's first report, the court should have dismissed the bills. No proof had been taken by either party at this time. The master's first report was based on pleadings and exhibits. While the case was being argued it was discovered that the record did not show a replication to the answers, and on motion of the plaintiff, the order of reference and the report of the master thereon were set aside, a replication to said answers entered, and issue joined thereon, and the cause was then re-committed to the master to report as required by the decree of reference. Both parties were thereafter heard

and took evidence before the master on the issues joined, and the master made up and filed a new and complete report, which was excepted to; a full hearing had thereon, and upon which the final decree appealed from was pronounced.

We find no error in the decree for failure, on the original hearing, to dismiss the cause. It would indeed be a strange and harsh rule of practice, that would deprive the parties of their just rights, because of the mistake of the parties, or a misprision of the clerk, perhaps, to enter a general replication. The mistake was discovered before decree, and the court below then did what this court would have reasonably done on appeal, reversed it for the error and re-committed the cause to the commissioner for further proceedings. Hogg's Eq. Proc., p. 530; *Kirchner* v. *Smith*, 61 W. Va. 435, 451; Code 1913, chapter 134, section 4, serial section 4978.

The third and last point of error is, that plaintiff was concluded and estopped from obtaining the relief decreed her by an alleged receipt executed by her to her guardian on March 23, 1910, twelve days after reaching her majority; and pleaded in bar of this suit. The paper is of the following purport: "G. F. Ferrell, in account with Ella Justice Vick." Then follows a statement of dates, most of them in February, 1910, of amounts paid for or disbursed to plaintiff in cash, aggregating $1,168.15. One of the items, "paid Ella Vick, check for cash, $75.00", is dated November 24, 1910, a date subsequent to the date of the paper itself. Subjoined is the following: "Received the above amounts from G. F. Ferrell, my Guardian, and I hereby affirm and ratify all prior transactions and settlements by him. This 23rd day of March, 1910", (Signed) "Ella Vick". Plaintiff and her husband who was present at the time both swear positively, that when she signed the paper it did not contain the words "and I hereby affirm and ratify all prior transactions and settlements by him", that these words had been added after she signed the paper; that no settlements were then or at any time presented by Ferrell, and she swears that she did not know that he had ever attempted to make any ex parte settlements.

Though Ferrell swore in chief that Mrs. Vick signed the paper referred to, he never returned to the stand after she

and her husband had testified to contradict them. The decree appealed from must be construed as adjudicating the issue on this paper against Ferrell, and we cannot say that the court erred. That such a provision should have been put into a paper of that kind gives.room for suspicion at least.

But even if the paper had been executed as it appears in the record, we do not think plaintiff would be bound by the alleged settlements and transactions. The paper was a mere receipt for items of money paid. It could not operate as a release of Ferrell from his mistakes or omissions, or false charges, if any, in his accounts. As to any such there was no consideration therefor. The case does not fall within the rule of *Plant* v. *Fittro*, 65 W. Va. 147. That case involved a receipt by ward to guardian, something like the one here involved. · It was held valid on two grounds, first, that the ward was cognizant of all settlements, was present and acquiesced in them, and at the time of execution of the receipt was fully informed and advised in the premises; second, that he had slept upon his rights for nearly ten years before bringing his suit. The decision in that case was controlled by these considerations, none of which are pertinent to the case here.

We have examined all the appellants' exceptions to the commissioner's report, overruled by the court below. In our opinion there is no error in the decree relating to them. The report was made up and confirmed upon the most liberal application of the rules and principles controlling the settlement of fiduciary accounts, and we see nothing in the decree of which appellants can reasonably complain.

For these reasons · the decree appealed from must be affirmed, with costs to appellee.

*Affirmed.*