## GANN et al. v. KERN et al.   (No. 6553.)*

(Court of Civil Appeals of Texas. Austin. Feb. 21, 1923. Rehearing Denied April 4, 1923.)

**1. Guardian and ward ⬤═173—Temporary guardian of infant and sureties on bond liable without order constituting him permanent guardian.**

Under Rev. St. 1911, arts. 4091–4096, relating to appointment of temporary guardian of minors, contest thereof, and appointment of permanent guardian at next term, a temporary guardian and the sureties on his bond were liable for breach, notwithstanding the county court failed to make an order appointing him permanent guardian; the intention being that the temporary guardian should become permanent by failure of contest and appointment at the next term.

**2. Guardian and ward ⬤═173—Temporary guardian of minor and sureties on his bond estopped to claim nonliability because there was no contest or order appointing him permanent guardian.**

Under Rev. St. 1911, arts. 4091–4096, relating to appointment of temporary guardian of minor, contest thereof, and appointment of permanent guardian at next term, a temporary guardian and the sureties on his bond were estopped from claiming that he was not in fact a guardian and the bond not binding after the first term of court after his appointment, because there was no contest or order making him permanent guardian; the bond having been the means by which he obtained possession and control of the property of the minors.

Appeal from District Court, Hamilton County; J. R. McClellan, Judge.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused May 23, 1923.

Action by Tecumpseh Kern and others against Geo. M. Gann and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Dewey Langford and P. M. Rice, both of Hamilton, for appellants.

H. E. Chesley, of Hamilton, for appellees.

KEY, C. J. This is a suit based upon a guardian's bond. The plaintiffs were Tecumpseh Kern, joined by her husband, D. M. Kern, and Ben Walker; and the defendants were Geo. M. Gann, J. H. Grogan, and C. C. Gann.

The plaintiffs, Mrs. Kern and Ben Walker, charged, in their petition, that on the 2d day of April, 1906, they were orphans and minors, possessing as cotenants an estate, inherited from their deceased parents, consisting principally of an improved farm, the proceeds of which had theretofore been, and were at all times thereafter, sufficient for their support and maintenance. They also alleged that they were entitled to collect from a life insurance company the sum of $1,000. They further charged that on the date referred to, the defendant Geo. M. Gann procured himself to be appointed temporary guardian of the estate of the plaintiffs; and thereafter, on the 6th day of April, 1906, qualified for the appointment as required by order of the court, by taking the oath and returning into court his bond, in the sum of $2,500; said bond with oath attached being substantially as follows:

"The State of Texas, County of Hamilton.

"In County Court, April Term, 1906.

"Know all men by these presents: That we, Geo. M. Gann, as principal, and the other subscribers hereto as sureties, are held and firmly bound unto J. W. Warren, county judge of Hamilton county, and his successors in office, in the sum of two thousand five hundred dollars, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators, firmly by these presents.

"Signed with our hands, this 6th day of April, A. D. 1906.

"The condition of this obligation is such, that whereas, the above bounden Geo. M. Gann has been appointed guardian of the estates of Tecumpseh Walker and Ben Walker, minors, now, if the said Geo. M. Gann shall faithfully discharge the duties of guardian of the estates of said minors as required of him by law under said appointment, then this obligation shall be null and void; otherwise to remain in full force and effect.

"[Signed]                        Geo. M. Gann.
                                 "J. H. Grogan.
                                 "C. C. Gann.

"Approved this the 6th day of April, A. D. 1906. J. W. Warren, County Judge of Hamilton County, Texas.

"Oath.

"I do solemnly swear that I will faithfully perform and discharge all the duties, as required by law, of guardian of the estates of Tecumpseh and Ben Walker.

"[Signed]                        Geo. M. Gann.

"Sworn and subscribed before me, the 6th day of April, A. D. 1906.

                    "J. W. Warren, Co. Judge.

"Filed the 6th day of April, 1906.

"Geo W. Oliver, County Clerk.
                    "By J. T. Dempster, Deputy."

It was further alleged by the plaintiffs that thereafter, upon motion of the defendant Geo. M. Gann, and on the 18th day of July, 1907, his appointment as temporary guardian of the estate of the plaintiffs was made permanent by an order of the county court of Hamilton county, Tex., made and entered on that date. It was still further alleged that the defendant Geo. M. Gann was by the court referred to appointed guardian of the persons of the plaintiffs, Ben Walker and Mrs. Tecumpseh Kern, who was then Tecumpseh Walker; and that on the day last referred to, the two guardianships, that of the persons and the one of the estates of the two minors, were consolidated by the court. The petition contained other averments showing a breach of the bond, and that appellees were entitled to recover thereon; and plaintiffs asked for judgment for something over $4,000.

The defendant Geo. M. Gann filed an elaborate answer, including a general demurrer, special exceptions, a general denial, and a specific denial of many of the charges contained in plaintiffs' petition. Both parties filed supplemental pleadings, the particulars of which are not necessary to state. The defendant C. C. Gann also filed an answer denying liability; but the defendant J. H. Grogan, though duly cited, filed no answer.

There was a jury trial, which resulted in a judgment for the plaintiffs for $1,971.25, with interest from date at the rate of 6 per cent. per annum, together with costs of court; and the defendants Geo. M. and C. C. Gann have appealed.

It was shown that on April 2, 1906, the county judge appointed Geo. M. Gann temporary guardian of the estates of Tecumpseh and Ben Walker, and four days thereafter the bond set out above was executed. The order made by the county judge appointing Geo. M. Gann temporary guardian did not specify how long that guardianship should exist, but merely designated it a temporary guardianship. He testified that the bond set out above was the only bond he had made in the guardianship proceedings. Appraisers were appointed, and an appraisement made and approved.

Opinion.

Appellants do not assail the verdict of the jury as being unsupported by the testimony, and this renders it unnecessary for this court to discuss the evidence. The proof is sufficient to show that there was no contest of the temporary guardianship shown by the

order of the county judge, dated April 2, 1906, and it was not shown that any other order was made by the county court appointing a guardian. However, it was shown that appellant Geo. M. Gann made several different reports to the probate court, as to how he had managed the estate as guardian for several years; the last report being filed in 1920. It also appears, with reasonable certainty, that he collected the $1,000 insurance money for appellees after he was appointed temporary guardian, and before the next term of the county court; and the same is substantially true as to the farm belonging to his wards, and which he managed from 1906 to 1920.

The grounds relied on for a reversal of the case are stated as follows in appellants' brief:

"Plaintiffs' second amended petition showing that the suit was brought on a permanent guardian's bond covering acts from April 6, 1906, to the year 1918, and the bond pleaded being the temporary guardian's bond, filed April 6, 1906, and there being no allegation that the appointment had been contested, and in absence of any allegation that the Hamilton county court at its next succeeding term after April 6, 1906, had made said guardianship permanent, the court should have sustained the general demurrer.

"(2) The bond sued on being a temporary guardian's bond executed and filed April 6, 1906, became functus officio at the next term of the county court, in the absence of a contest, and will not support an action based on facts occurring subsequent to its period of vitality.

"(3) The temporary guardian's bond is not admissible for the purpose of binding him and his sureties for acts alleged to have been committed by a permanent guardian.

"(4) A motion made in and an order of the county court consolidating the guardianship of the person and estate of minors are not admissible against the temporary guardian and his sureties, it being shown that at the next succeeding term of the county court after the appointment of the temporary guardian that there was no contest filed and that the court failed to enter an order making said guardianship permanent.

"(5) Where the only bond and oath filed in the county court were on temporary guardianship which it was shown was never made permanent, it was error for the court to charge the jury that the filing of the bond, oath, and inventory constituted one of the defendants guardian of the estate of the minors, since the only bond, oath, and inventory filed pertained to the temporary guardianship, and plaintiffs' suit was predicated on a permanent guardian's bond.

"(6) A surety cannot be held beyond his undertaking, and when, as in this case, he signed as surety on a temporary guardian's bond, he cannot be held beyond the next succeeding term of the county court, in the absence of any contest.

"(7) The county judge has power to appoint a temporary guardian, but he cannot, directly or indirectly, appoint a permanent guardian,

as that power is vested solely in the county court."

The statute (Rev. St. 1911) regulating temporary guardianships reads as follows:

"Art. 4091. *County Judge May Appoint Temporary Guardian of Person and Estate of Minor, When, etc.*—Whenever it may appear to the county judge that the interests of any minor and his or her estate, or either, require immediate appointment of a guardian, he shall, either in open court or in vacation, without citation and with or without written application therefor, appoint some suitable person temporary guardian of the person of such minor and his or her estate, or either, as the case may be; and the appointment so made may be made permanent, as hereinafter provided for.

"Art. 4092. *Order Shall State What.*—The order of the court in making such appointment shall state that unless the same is contested at the next regular term of the court, after service of citation, the same shall be made permanent.

"Art. 4093. *Court to Determine Contest; Pending What, Temporary Guardian to Act; Exhibit Where Appointment Set Aside.*—In case such appointment is contested, the court shall hear and determine the same as the law and the facts require; and, during the pendency of such contest, the person so appointed as temporary guardian shall continue to act as such; and, in case such appointment is set aside, the court shall require the person so appointed to make out, and file in court, under oath, a complete exhibit of the condition of such minor's estate, and what disposition, if any, he has made of the same, or any portion thereof.

"Art. 4094. *Appointment Not Effective Till Oath and Bond.*—Such appointments shall not take effect, until the person so appointed has taken the oath and given bond as required by law.

"Art. 4095. *Upon Appointment, Citation to Issue; Requisites.*—Immediately after such appointment so made, it shall be the duty of the clerk of the court to issue citation; which shall state the name of the person appointed, and when so appointed, and the name of the minor, or minor's estate, or both, as the case may be, and shall cite all persons interested in the welfare of such minor to appear at the term of court named in such citation, and contest such appointment if they so desire; and that, if such appointment is not contested at the term of court so named in the citation, then the same shall become permanent.

"Art. 4096. *Provisions of Title 51 Apply.*—That all the provisions of this title, relating to the guardianship of the persons and estates of minors, shall apply to temporary guardianship of the persons and estates of minors, in so far as the same are applicable and not inconsistent with any of the provisions of this chapter."

In this case the clerk issued the citation required by article 4095, and stated therein that, if the appointment of Mr. Gann as temporary guardian was not contested at the next term of court, the same would become permanent.

[1] We do not sanction appellants' contention that, if the county court failed to make an order appointing Mr. Gann permanent

guardian, the bond previously given when he was appointed temporary guardian became functus officio, and the signers thereof ceased to be liable upon it. On the contrary, inasmuch as the guardian obtained possession of his wards' property by reason of the execution of that bond, we think the principal and sureties thereon should be held liable, unless it was shown that the probate court, by reason of the fact that the guardian's right to remain in that position had been successfully contested, had made an order discharging the makers of that bond. This was not done. We think the legislative intention that the appointment of a temporary guardian shall become permanent by the failure of any one to contest that appointment at the next term of the court is sufficiently indicated, if not made manifest, by the last clause in article 4095, which reads, "and, that, if such appointment is not contested at the term of court so named in the citation, then the same shall become permanent."

It will be noted that the statute does not require the court, where no contest is filed, to reappoint the temporary guardian, and, in view of that fact and the provision of the statute just quoted, it seems to us that the courts should hold that a temporary guardianship becomes permanent when no contest is filed, and that the original bond remains in force. Not to so hold would give designing persons opportunities to get possession of the estates of minors, and if no contest was filed, to hold and exploit same after the succeeding term of court, without any bond to secure the rights of the wards. Our construction of the statute requires an affirmance of the judgment. But there is another ground, equally as strong, which justifies the same ruling by this court.

[2] In 21 Cyc. p. 223, it is said:

"By the great weight of authority the invalidity of the guardian's appointment does not invalidate the bond as against the sureties. If the bond recites the guardianship the sureties are thereby estopped to deny it."

Also, on page 246:

"Both the principal and sureties on a guardian's bond are estopped to deny the recitals therein. A recital in a guardian's bond of his appointment estops both the guardian and surety to deny it, and they cannot question the jurisdiction of the court, under the proceedings of which the guardian by the bond was enabled to obtain possession of the ward's money."

The same rule was announced by the Dallas Court of Civil Appeals, in Minchew v. Case, 143 S. W. 366; and authorities in other states to the same effect are numerous.

In Fridge v. State, 3 Gill & J. 114, 20 Am. Dec. 467, the Supreme Court of Maryland said:

"Besides, Owen Dorsey having given his bond, in which he is stated to be the guardian of E.

249 S.W.—56

A. K., and having obtained possession of her property, it would not, in a suit against him, have lain in his mouth to deny that he was guardian, in the very face of the recital in his bond, or to set up any supposed irregularity in obtaining the appointment; the recital in the bond being evidence, as against him, that he was guardian. Nor does it lie in the mouth of his surety, against whom the recital is equally evidence."

In Hauenstein v. Gillespie, 73 Miss. 751, 19 South. 674, 55 Am. St. Rep. 571, the Supreme Court of Mississippi used the following language:

"By their act in signing this bond of the guardian of the lunatic, he was enabled to take into his possession the entire estate of the lunatic, and, for about fifteen years, by virtue of their voluntary act, he retained the exclusive control, management, and disposition of the estate and its income. Because of their suretyship on his bond, he, year by year, received the rents and profits of the lunatic's estate; he sold lands of the lunatic and collected the purchase money, and he instituted proceedings in the courts of the county, on behalf of the lunatic, and carried to successful termination such litigation, and received as the fruits thereof hundreds of dollars. Now, when the guardian is dead, when the lunatic is in need of his own, and when large balances are found to be demandable from these sureties, they seek to prevent any recovery by the unhappy lunatic, whose funds have been wasted or misapplied by the guardian, on the ground of the invalidity of the guardian's appointment. * * * The effort of the appellants is to show the invalidity of the guardian's appointment by disputing the recitals of their bond—the very instrument of their own making, by which the guardian took possession and control of the estate of the lunatic, and part of which has been wasted or misapplied and lost by the guardian, and for which it is now sought to hold these sureties liable—and this, by all right reason, and in all good conscience, they ought not and cannot be permitted to do."

In Shroyer v. Richmond and Staley, 16 Ohio St. page 467, the court said:

"But there is another ground upon which these defendants should not have been permitted to gainsay the regularity of the appointment of their principal, Coblentz, as the guardian of Harry Long. They were sued upon his bond as such guardian, which was executed by them as his sureties; and this bond recites the appointment of Coblentz, by the proper authority, as the guardian of Long. By executing this bond, they obtained for their principal the possession and control of his ward's property and cannot now be permitted to escape liability to account therefor by denying the recitals of their own bond. They are estopped to do so. Douglass v. Scott, 5 Ohio, 198."

In Talbott v. Curtis, 65 W. Va. 137, 63 S. E. 877, the Supreme Court said:

"It has been so frequently decided by this court, and by the courts of other states, and laid down in the text-books, contrary to contention of appellants' counsel, that sureties in

bonds of guardians and fiduciary bonds of like character are estopped thereby from denying such recitals and from questioning the fact of the appointment and qualification of such fiduciaries, that it seems unnecessary for us to do more than refer thereto upon this occasion. We refer to our own case, Findley v. Findley, 42 W. Va. 372; Caskie v. Harrison, 76 Va. 85, 95, and the numerous other cases cited in 5 Ency. Dig. Va. & W. Va. Rep. 220, D. 2c; Bruce v. U. S., 17 Howard, 437; State v. Lewis, 73 N. C. 140, holding guardian's sureties estopped; Town of Point Pleasant v. Greenlee & Harden, decided by this Court December 17, 1907, 60 S. E. 601; Stearns on the law of Suretyship, 376; Bigelow on Estoppel, (5th Ed.) 373; and Woerner Am. Law of Guardianship, 448."

In Gray v. State, 78 Ind. 70, 41 Am. Rep. 545, the court said:

"This bond was executed in conformity with the provisions of our statutes, was authorized by them, and is conceded to be a valid and binding obligation unless the appellants can show that Elisha Mills was not in fact the guardian of the relator. Can they do this? We think not. After having joined him in the bond, recited the relation he sustained to the relator, enabled him to procure the order, sell the land and obtain the money, nothing but a meritorious defense should exonerate them from the obligations of their bond. All the facts necessary to create an estoppel are present. The bond was executed, the recital made, the order procured and the money of the relator obtained, and to allow the appellants to avoid its payment by a denial of their own recital would result in such manifest injustice that no court, it seems to us, ought to hesitate in applying the doctrine of estoppel in exclusion of such defense."

To the same effect is Griffin v. Collins, 122 Ga. 106, 49 S. E. 827, and other authorities that might be cited.

Therefore, inasmuch as the bond sued on in this case was the means by which the guardian obtained possession and control of the property of the plaintiffs while they were minors, he and the sureties on his bond are estopped from claiming that he was not, in fact, guardian, and that the bond was not, after the first term of the court after his appointment, a legal and binding obligation. No reversible error has been shown, and the judgment is affirmed.

Affirmed.