MARYLAND CASUALTY COMPANY *v.* A. M. TRESSELL, *Administrator, et al.*

(No. 8637)

Submitted January 18, 1938.   Decided February 8, 1938.

*D. H. Hill Arnold* and *Price & McWhorter*, for appellant.

*Davis & Painter*, *S. M. Austin* and *H. L. Van Sickler*, for appellees.

MAXWELL, PRESIDENT:

By this appeal, there is brought in question a decree of the circuit court of Greenbrier County dismissing on their motion the two principal defendants in the case.

Emma Josephine Bowley was adjudged insane in April, 1924, and Samuel A. Dickson was appointed committee. He gave bond April 19, 1924, in the prescribed penalty of $5,000.00 with Maryland Casualty Company as surety.

In December of the same year, the committee sought and obtained in the circuit court of Custer County, Nebraska, a decree authorizing him to make sale of certain real estate belonging to his ward and situated in that county. The court required bond in the penalty of $12,-000.00. He executed such bond with the American Surety Company of New York as surety.

The committee, Samuel A. Dickson, died in November, 1934. Emma Josephine Bowley died in 1935. In December, 1935, A. M. Tressell, administrator of the personal estate of Emma Josephine Bowley, deceased, instituted in the circuit court of Greenbrier County an action at law against Mary Ida Dickson, executrix of the last will of Samuel A. Dickson, deceased, and Maryland Casualty Company to recover the full amount of the committee's bond which had been executed by him and his surety in Greenbrier County.

Soon after the institution of the action at law, the Maryland Casualty Company instituted in the same court this chancery cause. In addition to the matters hereinabove set forth, it is alleged in the bill that personal

property of the value of about $3,000.00 came into the custody of the committee at the time of his qualification as such, and that the same was all properly accounted for by the committee; that from the sale of the Nebraska real estate, there came to the committee the sum of $10,-000.00; that a majority of the heirs of Emma Josephine Bowley, deceased, have approved by written statement the application of funds by the committee; that the estate of Samuel A. Dickson, deceased, is insolvent; that at the time it became surety on the committee's original bond, the plaintiff entered into an agreement with the Bank of White Sulphur Springs, whereunder, in consideration of its receiving the deposit of the funds by Dickson, committee, the bank agreed not to permit the withdrawal of any of said funds by the committee except on checks counter-signed by a representative of the surety, and that the bank, in violation of that agreement, permitted the committee to withdraw and disburse funds without the knowledge of the surety; that the sum of $6,962.82, shown by a report of the commissioner of accounts of Greenbrier County to have been in the hands of the committee in 1926, was derived entirely from the sale of the Nebraska real estate.

The prayer of the bill is that all actions at law against the plaintiff by reason of its suretyship be stayed until the final determination of this cause; that the accounts of Dickson, committee, be taken, stated and settled; that a separate account may be made of the personalty which came into the committee's hands, and his disbursements therefrom; that a separate account may be made of the proceeds derived from the sale of the Nebraska real estate, and the disbursements made from said proceeds; that if any liability be found against the plaintiff, there be ascertainment and report of disbursements which have been permitted by the Bank of White Sulphur Springs without the checks and vouchers therefor being countersigned by a representative of the plaintiff; that upon the incoming of the report, there may be entered a decree exonerating the plaintiff from any and all liability on account of its aforesaid suretyship for Dickson, committee; and for general relief.

It is to be noted that there is no prayer for relief against the defendant, American Surety Company of New York.

The trial chancellor sustained separate motions of American Surety Company and Bank of White Sulphur Springs to dismiss them from the cause. This was tantamount to sustaining their demurrers to the bill.

We are of opinion that the bill is not well grounded, and that the court committed no error in dismissing from the cause the said two defendants.

The plaintiff places strong reliance on the case of *Vick* v. *Ferrell*, 76 W. Va. 306, 85 S. E. 549. Therein the plaintiff, soon after reaching her majority, brought suit to surcharge and falsify the *ex parte* settlements of her guardian. He had executed an original bond as guardian and, by reason of summary proceedings later instituted by him for the sale of portions of his ward's realty, he had, in compliance with court orders, executed three additional bonds. In her bill, the plaintiff alleged that the funds which had come into the hands of the guardian had been commingled by him. On that showing, the court sustained her in making parties defendant all of the sureties on the several guardianship bonds. It is clear that in such circumstances, it is to the interest of all concerned that the several sureties be brought into the case in order that there may be apportionment and settlement of liabilities.

But that is a different situation from the one at bar. Here, the chancery suit is not prosecuted by the personal representative of the deceased ward seeking to recover from the sureties on the two bonds, respectively, but the suit is prosecuted by a surety who has been sued at law on the bond which it executed. That surety, the Maryland Casualty Company, is in no position to complain that the personal representative of the deceased ward has seen fit to sue at law only on the first bond, because, in the action at law, the Maryland Casualty Company's liability will be measured solely in accordance with the obligations assumed by it when it executed the bond. Further, though it be conceded that in proper circumstances

one of two or more sureties on separate obligations might institute a suit like the one at bar for the purpose of accounting, and for apportionment of liability among themselves, an essential averment for such proceeding would be that there had been a commingling of funds by the fiduciary. The bill at bar contains no such averment. In fact, certain of the averments negative the idea of commingling, because it is charged that a partial settlement which the committee made before a commissioner of accounts shows that he had made proper disbursements of all funds for the correct administration whereof the plaintiff was surety under the original or general bond.

The plaintiff's liability as surety on the general bond of April, 1924, is not inclusive of funds which subsequently came into the custody of the committee by reason of sale of real estate belonging to his ward. *Kester* v. *Hill,* 42 W. Va. 611, 26 S. E. 376. This is in accord with the authorities generally. Consult: *Blauser* v. *Diehl,* 90 Pa. 350; *Morris* v. *Cooper,* 35 Kan. 156, 10 Pac. 588; *Judge of Probate* v. *Toothaker,* 83 Me. 195, 22 Atl. 119; *Municipal Court* v. *U. S. F. & G. Co.,* 41 R. I. 373, 103 Atl. 996; *Bunce* v. *Bunce,* 65 Iowa 106, 21 N. W. 205; *Lyman* v. *Conkey,* 1 Metc. 317, 42 Mass. 317; *Shelton* v. *Smith,* 3 Baxt. 82, 62 Tenn. 82; *Grimes* v. *Commonwealth,* 14 Ky. 1, 4 Litt. 1; 43 L. R. A. (N. S.) 308, Note; *Warwick* v. *State,* 5 Ind. 350; *Commonwealth* v. *Pray,* 125 Pa. 542, 17 Atl. 450; 12 Ruling Case Law, pp. 1160-1161; 28 Corpus Juris, p. 1290.

The decision in the *Kester-Hill* case seems to have removed any doubt which may have lingered with the court in the decision of the case of *Findley* v. *Findley,* 42 W. Va. 372, 26 S. E. 433.

With the Maryland Casualty Company's liability thus circumscribed by settled law, there is inadequacy of showing in the bill in the instant case why it (Maryland Casualty Company) may not make full and complete defense in the pending action at law concerning its liability under the bond therein involved.

Whether the plaintiff has a cause of action, legal or equitable, against the Bank of White Sulphur Springs,

on account of the matters alleged against it in the bill, need not now be discussed. Certain it is that no relief can properly be sought against the bank on account of such matters until it shall first have been determined whether any present liability rests on the plaintiff on account of its suretyship on the original bond of the committee. Maybe there will be an adjudication, as alleged by the plaintiff, that the committee faithfully accounted for all funds which came into his hands under that bond.

We perceive no error in the trial chancellor's decree, except that the dismissal of American Surety Company and Bank of White Sulphur Springs should have been without prejudice to the plaintiff's rights, if any, against the dismissed parties. In this particular we modify the decree and, as modified, affirm the same.

*Modified and affirmed.*