## POTTER *Judge vs.* TITCOMB.

In a writ of *scire facias,* brought on a judgment rendered against an adminis-
trator in a suit on his Probate bond, it is not necessary for the person for
whose benefit such *scire facias* is sued out, to aver in his writ that he is " *an
heir, creditor, or legatee*" of the intestate, or the " *representative* of such heir,
creditor or legatee ;" — but if it substantially appear that he is " *interested*" in
the bond, or judgment rendered thereon, it will be sufficient.

The right to this process to obtain execution for further damages, under the
judgment rendered for the penalty of the bond, is not limited to those who
were named in the writ in the original suit, as persons for whose benefit it
was prosecuted, but all who are " interested" in the bond, are equally entitled
to the process.

THIS case is fully and clearly stated in the opinion of the
Court.

*Hopkins* and *W. Goodenow,* argued the case for the plaintiff,
and cited the following authorities : *Gould's Pl.* 20, 315 ; *Co.
Litt.* 126, *a* ; 3 *Black. Com.* 314 ; *Lawes on Pl.* 147, 148 ; 2
*Show.* 42 ; *Stra. Rep.* 542 ; 10 *Mod. Rep.* 112, 192, 210 ;
*Gilb. Cas.* 138 ; *Gould's Pl.* 299, 300, 465 ; *Thompson* v.
*Collier, Yelv.* 112 ; 1 *Lev.* 163 ; *Sir T. Raym.* 118 ; 1 *Ventr.*
22 ; 3 *Saund.* 211, *n.* 3 ; 1 *Ld. Raym.* 338, 594 ; 2 *Day's
Rep.* 392 ; 9 *Mass.* 533.

*Longfellow* and *Daveis,* for the defendant, cited 1 *Chit. Pl.*
404, *n.* 1 ; 1 *Johns. Cas.* 397 ; 1 *Lev.* 163 ; 1 *Com. Dig.
Abatement I,* 14, 15 ; 3 *Chit. Pl.* 521 ; 2 *Sellon's Prac.* 187 ;
*Gould's Pl.* 341 ; *Plowden,* 66 ; 3 *Keb.* 26 ; *Bac. Abr. Plead-
ing E,* 32 ; 1 *Salk.* 274.

PARRIS J. — This is a writ of *scire facias,* on a judgment ren-
dered in this Court, for the penalty of an administration bond giv-
en by the defendant as administrator of the estate of *Moses Tit-
comb,* late of the Island of *St. Croix,* deceased, to the Judge of
Probate of this county.—See 2 *Fairf.* 157.

The *scire facias* sets forth the judgment and the several orders
of this Court awarding execution in favor of certain persons, heirs
of the said deceased ; and it is therein alleged, that the said *Mo-
ses Titcomb,* deceased, died without issue leaving *Elizabeth Tit-
comb,* his widow, who, upon the death of said *Moses,* became and

was entitled by law to one half of the personal estate of her said husband, the estate being solvent, and there being no creditors of the same.

It is further alleged that the said *Elizabeth* has since deceased, and administration hath been duly granted upon her estate to *Moses Titcomb* of the city of *Portland,* merchant, and that this *scire facias* is brought by the said *Moses Titcomb,* in the name of *Barrett Potter,* Judge of Probate, &c., with a further allegation that the said *Moses,* as administrator of said *Elizabeth,* has in his said capacity, demanded payment of the defendant of one half of the amount of said judgment to be by him, said *Moses,* administered according to law.   To this writ the defendant has pleaded in abatement, that in the description of the said *Moses,* by whom this action is brought, setting forth his name, place of abode and addition, he is not stated to be an heir, creditor or legatee of said *Moses Titcomb,* deceased, nor the representative of any such heir, creditor or legatee, nor is he one of the persons for whose benefit the suit aforesaid was originally brought, or having any right to the benefit or continuance of the same.

To this plea there is a replication, to which the defendant demurs specially.   Although the demurrer sets forth sundry defects in the replication, yet, in law, it reaches back in its effect through the whole record, and attaches upon the first substantial defect in the pleadings on which ever side it may have occurred.   If the declaration be good, although the plea and replication be both ill in substance and demurrer be joined on the replication, judgment must be for the plaintiff ;—for the first substantial fault is on the defendant's part, and a bad replication is sufficient for a bad plea.

Are the writ and declaration sufficient ?   The defendant contends that they are not, because in the description of the said *Moses,* by whom this action is brought, he is not stated to be an heir, creditor or legatee of said *Moses Titcomb,* deceased, nor the representative of any such heir, creditor or legatee.   But the statute, under which this process is instituted, *chap.* 470, *sect.* 1, does not require such an averment.   It provides that any person or persons *interested* in a probate bond, or in a judgment that may have been rendered on such bond, shall have a right to insti-

tute a suit thereon without applying to the Judge of Probate to whom given, or in favor of whom rendered or his successor. And instead of indorsing on the writ for whose benefit the suit is brought, he or they instituting such suit shall allege in the writ his or their own name, place of abode and addition, and that the same is sued out by him or them in the name of the Judge of Probate. Nothing is said about heir, creditor or legatee, but the phraseology is, *any person interested in a probate bond.*

Now we think it is set forth in the *scire facias* with sufficient certainty, that *Moses Titcomb,* of *Portland,* who instituted this suit, is interested in the probate bond, as the representative of the widow of the deceased, who, as he alleges, was by law entitled to one half of the personal estate of said *Moses Titcomb,* of *St. Croix,* deceased, and that the provisions of the statute in this respect are fully answered.

It is further alleged by the defendant in his plea, that the said *Moses,* who prosecutes this *scire facias,* is not one of the persons for whose benefit the suit on the bond was originally brought, nor has he any right to the benefit or continuance of the same. That suit was instituted under the " Act to regulate the jurisdiction and proceedings of the courts of Probate," *chap.* 51, *sec.* 70, and was for a breach of the condition of the administration bond requiring an inventory of all the personal property of the intestate. It was prosecuted in the name of the Judge of Probate for the benefit of certain heirs of the deceased; judgment was rendered for the penalty, and execution was awarded in favor of each of the heirs for whose benefit the suit was commenced, for such part of the penalty as was judged reasonable. The judgment remains as a security for other and further damages, and any person interested in the bond may maintain *scire facias* to try his right to such other damages, and have execution therefor, whether such person were or were not named in the original suit.

We think the writ and declaration are sufficient, notwithstanding the matter contained in the defendant's plea in abatement, and accordingly there must be a judgment of *respondeas ouster.*