Gaston, J.
 

 The question which has been raised in this case, whether the defendant can avail himself in this action of the decree, rendered in favor of William W. Long,, administrator
 
 de bonis
 
 non, of Thomas Oaks, in the suit in Equity, instituted against the said administrator by the female relator and others, the next of kin of the said Thomas, is precisely the same, which was raised in the case of the Governor at the instance of these relators against Carter, administrator of Chaffin, upon which our judgment has been given. (See the next preceding case.,) This question, therefore, must be determined against the defendant.
 

 
 *344
 
 Bat other grounds of defence have been taken by him, did not exist in the case referred to. One of these is, as has been insisted by his counsel, that the instrument de-cjare(j on was delivered by Gowan, the surety, to Long, the principal, to be delivered by Long to the Court, upon condition that a previous bond of Long, to which Chaffin was surety, should be surrendered — that this condition was not complied with, and that, therefore, this instrument was not in law the bond of the defendant. The cause was submitted to the Court upon a state of facts agreed by the parties, and no such fact is stated as the delivery of the instrument by Gowan to Long, and still less of the delivery of the instrument to Long, to be by him delivered to the Court upon any condition whatever. The case only sets forth the
 
 motive,
 
 which Long had in persuading the defendant to execute this instrument, and distinctly states, that the defendant did enter into the bond, and that it was tendered to and accepted by the Court. It adds, indeed, that on demand that the previous bond, to which Chaffin was surety, should be surrendered, the Court refused the motion. This might have been-a disappointment to Long, and possibly also to Chaffin, but it was no injury to the defendant — and, at all events, did not impair the legal obligation, which, upon the facts stated we must hold, he had executed unconditionally, and which had been duly delivered to and accepted by the Court as the bond of the defendant.
 

 But it is insisted further, on the part of the defendant, that the Court had no jurisdiction to take the bond, which is sued upon in this action. The argument is, that the Court had no authority to take a bond with sureties from the administrator but in two prescribed cases, that is to say, either at the time of granting administration, or in the case specially described in the act of 1822, ch. 1137, as modified by the act of 1826, ch. 23, and that this bond was not taken, when the administration was granted, nor in the case provided for in these acts. Perhaps several answers might be given to this argument, but
 
 that
 
 which we deem conclusive is, that upon the facts agreed it does not appear that the bond was
 
 *345
 
 executed in a case embraced- within the provisions of the acts referred to. These provisions are, See Rev. St. c. 46, s. 30, that the surety of an administrator or executor, conceiving himself in danger by reason of such surety-ship, may file his petition on oath in the County Court wherein he has given bond, that thereupon a summons shall issue against the party or parties, with and for whom the surety is bound, returnable to the next term, and thereupon the Court may compel the party or parties to give other sufficient or counter security, or to deliver up the estate to the petitioner or to such other person as the Court shall direct, or make such, other order or rule thereon for the relief of the petitioner' and better securing the estate, as to the Court shall seem just. The case, therefore, thus provided for, is one where the surety wishes some relief or counter-security, because of his responsibility for the administrator or executor — the authority of the Court in such-case is to require of the administrator or executor other or counter security, or to- order him to deliver up the estate to the surety or other person it may direct, or to make such- other order or rule for the relief of the surety and better'seeuring the estate as its discretion may dictate — and the
 
 form
 
 of proceeding directed is by petition verified on oath, and a summons against the- administrator or executor. Now it is clear that the
 
 forms
 
 of proceeding may be all waived by him, for the security of whose rights they were devised. The administrator or executor in a case of this kind, may dispense with the petition, the affidavit, and the summons, just as a defendant in an ordinary suit may dispense with a writ, or, according to our practice, with a declaration. He may come into Court and assent to do what is asked by his surety, as he may voluntarily confess a judgment to his creditor. ' The declared object of the new bond was the relief of his surety in the old bond — and the Court had jurisdiction to take such new bond or to adopt any other measure, which in its judgment relieved the surety, and at the same time adequately provided for the safety of the estate. This measure did relieve the surety, if not as fully as he and his principal wished, yet at all events to
 
 *346
 
 the extent of binding the sureties in the new bond to con. tribute to any loss he might thereafter sustain by reason of his liability, and it evidently tended to place the estate more eg-ectua]jy out 0f ¿anger.
 

 Another objection was taken, that if the Court had not jurisdiction to receive this bond under our statutes, and if it could be regarded as a
 
 voluntary
 
 bond binding upon the parties at common law, then the action was wrongfully brought in the name of the successor of the Governor —• But as we hold that the Court did act within its prescribed jurisdiction, this objection necessarily fails.
 

 The judgment of the Superior Court must be reversed and judgment entered for the plaintiff, according to the agreement of the parties.
 

 Pbr Curiam. Judgment below reversed and judgment for the plaintiff.