## ARGUED AND DETERMINED

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT SAVANNAH,

## JANUARY TERM, 1861.

Present—JOSEPH H. LUMPKIN,
RICHARD F. LYON,    } Judges.
CHARLES J. JENKINS,

---

## LAWSON vs. POWELL.

The declarations, admissions and promises made by an Executor or Adminis-
trator, after being clothed with his fiduciary character, are admissible
against the Estate in any suit by or against the Representative in that
character.

Assumpsit, in Burke Superior Court. Decision made by
Judge HOLT, at the May Term, 1860.

Robert R. Lawson brought an action of assumpsit, in
Burke Superior Court, against Green B. Powell, as the ex-
ecutor of Zilpha Tomlin, to recover the amount of an ac-
count due from the testatrix in her lifetime, and when the
case was called for trial at the May Term, 1859, the plain-
tiff proposed to read the answers of Wilson O. Davis, to
interrogatories taken by commission, and duly returned into

---

ADMISSION OF ADMINISTRATOR. "The acts and admissions of
the administrator ought to have been admitted by the Court as evi-
dence against him in favor of the plaintiff. See Sample v. Lipscomb,
18 Ga. 678; Griffin v. Inferior Court, 17 Ga. 96; Lawson v. Powell, 31
Ga. 681." Floyd v. Wallace, 31 Ga. 692 (4); Harkan v. Benning, 111
Ga. 127.

Court, in which the witness, Davis, testified: That he was present at the office of Alexander McKenzie, in Waynesborough, on the 3d day of February, 1857, when the plaintiff and defendant came in together, and requested McKenzie to enter some credits upon an account which the plaintiff held against Zilpha Tomlin, upon whose estate witness understood the defendant to be the representative. McKenzie did enter the credits on the account, as requested by the parties, and in their presence, and the defendant then and there said, in the presence of McKenzie, plaintiff and witness, that he would settle the balance with McKenzie (the attorney of the plaintiff), and that he, the defendant, had some claims against the plaintiff, and, perhaps, a claim against McKenzie, which the parties all agreed should be received in payment of said balance as far as they would go; and McKenzie was instructed to make the settlement and receive the claims in payment, as aforesaid, at any time the defendant would come down.

This testimony was objected to by counsel for the defendant, on the ground: "That the executor could not bind the estate of his testator by an admission or promise."

The presiding Judge sustained the objection, and repelled the testimony; whereupon, the plaintiff took a nonsuit with leave to move to set aside the nonsuit, and reinstate the case.

An order was taken, by consent, that the motion be heard and decided in vacation. The hearing of the motion was postponed from time to time, by consent, until the May Term, 1860, when the motion was overruled by the presiding Judge.

The decision of the Judge, refusing to set aside the nonsuit and reinstate the case, constitutes the error assigned in this case.

JOHN K. JACKSON, for the plaintiff in error.

No appearance for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Was the Court right in rejecting the testimony of Wilson O. Davis, who was examined by commission to prove the

Lawson vs. Powell.

admissions and promises of Green B. Powell, executor of Zilpha Tomlin, deceased, of the indebtedness of his testator to the plaintiff?

*In Sample, Adm'r, vs. Lipscomb, Adm'r,* 18 *Ga. Rep.* 687, it was held by this Court, that administrators or executors, plaintiffs in an action, were bound by their acknowledgments in relation to the subject-matter of the suit, and that if the estate they represented was injured by these admissions, they were answerable therefor; but that third persons must be protected in acting upon them.    True, the suit in that case was instituted by the administrator; but, in principle, it can make no difference whether the acknowledgments were made by the plaintiff or defendant.    *In Fennel vs. Gray,* 21 *Pickerering,* 243, the Court say and decide, that the declarations of an executor or administrator are admissible against him, in any suit *by or against* him in that character.    *See also* 16 *Johns,* 277; 4 *Cowen,* 49; 5 *Wend.* 558.

It is now received as undisputed law, that declarations, admissions and promises of a trustee, after he is clothed with his fiduciary character, will take a case out of the statute of limitations; and that such acknowledgments are sufficient to establish the original demand against the estate.    1 *Greenleaf on Ev.* §176, and the cases there cited in the notes. 10*th edition.*

## JUDGMENT.

Whereupon, it is adjudged by the Court, that the judgment of the Court below be reversed upon this ground: We think the Court erred in rejecting the depositions of Wilson O. Davis, as to the admissions and promises of Powell, as executor of Tomlin, and consequently adjudge, that the nonsuit be set aside and the case reinstated.