83  195
89  577

JUDGE OF PROBATE *vs.* JOHN R. TOOTHAKER and another.

Franklin.     Opinion March 12, 1891.

*Guardian.    Surety.    Bond.    Judgment.*

The sureties on a guardian's bond, given at the time of the appointment of the guardian, are not liable for money received for real estate sold by him under a special license. On obtaining such a license, the guardian is required to give a special bond, and the sureties on this special bond are the ones liable for money so obtained by the guardian. Consequently, in a suit on the original bond, it is competent for the sureties to show the source from which the funds remaining in the hands of the guardian, and not accounted for, were received.

ON EXCEPTIONS.

This was an action upon a guardian's bond.

The cause came on for a hearing upon a motion to chancer the penalty of the bond, and, in determining the amount equitably and justly due, the plaintiff read in evidence a judgment of this court, showing that the principal in the bond in suit was charged upon his final account with the sum of thirty-four hundred dollars, and it was agreed by the parties, that, of that sum, one thousand seven hundred thirty-eight dollars and ninety-three cents had been accounted for and paid, leaving a balance due of one thousand six hundred sixty-one dollars and seven cents.

The defendants offered to show that the original guardian, during the administration of his trust, had sold certain parcels of real estate by license from the Probate Court, wherein he had given the bonds required by statute, and that he had received the proceeds of such sales, and been charged to account for them in the judgment of this court, before read in evidence. This evidence the court excluded as incompetent, and assessed the amount equitably due at the aforesaid sum of one thousand six hundred sixty-one dollars and seven cents, with interest from the date of said judgment, amounting in all to the sum of one thousand eight hundred eleven dollars and ninety-four cents; for which it ordered execution to issue.

To the exclusion of the evidence before-mentioned the defendants filed exceptions.

*P. A. Sawyer*, for defendants.

*S. Clifford Belcher*, for plaintiff.

In probate bonds, judgment against the principal is conclusive against the sureties, in absence of fraud. *Heard* v. *Lodge*, 20 Pick. p. 58; *Bourne* v. *Todd*, 63 Maine, p. 432; *Baker* v. *Moor*, *Id.* p. 445; *Masser* v. *Strickland*, 17 S. & R. 354; *Judge of Probate* v. *Claggett*, 36 N. H. 281. By R. S., c. 67, § 10, Spec. IV, the condition of the bond is : "At the expiration of his trust, to deliver all money and property, which, on a final and just settlement of his accounts, appear to remain in his hands."

This final settlement is to be made in Probate Court. The surety expressly undertakes that his principal shall deliver all moneys and property, which, upon such final settlement, appear to remain in his hands.

The suit upon the bond is founded as well upon the judgment as upon the bond, for the condition of the bond is that the surety shall be bound by the judgment. The surety is bound by the judgment, even if not a party in the proceeding in which the judgment was rendered, for the simple reason that he agreed to be bound by it when he signed the bond; for the law said if he entered into the bond he should be bound by the judgment of the Probate Court. *Woodbury* v. *Hammond*, 54 Maine, 332 (340 and 341); *Ralston* v. *Wood*, 15 Ill. 159; *Gillett* v. *Wiley*, 126 Ill. 310. See also *Hobbs* v. *Middleton*, 115 J. . Marsh (Ky), 176-169; *Deobold* v. *Opperman*, 111 N. Y. 531. The statute upon which this suit was brought is based upon this principle. R. S., ch. 72, § 10.

The interest of the plaintiff must be specifically ascertained by decree of Judge of Probate, or judgment of court before he can commence his action on the bond. If the interest of plaintiff can again be inquired into, it is not specifically ascertained.

Unless the decree fixing the amounts due is conclusive both upon the principal and the sureties in the bond, it would seem

that no suit can ever be maintained under the provisions of this section of the statute.

WALTON, J.    The sureties on a guardian's bond, given at the time of the appointment of the guardian, are not liable for money received for real estate sold by him under a special license.    On obtaining such a license, the guardian is required to give a special bond, and the sureties on this special bond are the ones liable for money so obtained by the guardian. Consequently, in a suit on the original bond, it is competent for the sureties to show the source from which the funds remaining in the hands of the guardian, and not accounted for, were received.    We think the evidence offered and rejected, should have been received.    *Williams* v. *Morton*, 38 Maine, 47 ; *Lyman* v. *Conkey*, 1 Met. 317 ; *Mattoon* v. *Cowing*, 13 Gray, 387.

*Exceptions sustained.*

PETERS, C. J., VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ. concurred.