CHARLES K. MILLER, Judge of Probate,

*vs.*

WILLIAM J. KELSEY AND T. R. PILLSBURY.

Knox.　　Opinion March 18, 1905.

*Guardian's Bonds.　Discharge of Surety.　Action.　R. S., c. 74, § 3.*

A second bond, for twice the amount of the ward's estate, given by a guardian to meet requirements to entitle him to receive funds in another state, will not, when filed and accepted by the Judge of Probate, supersede the original bond in the absence of statutory proceedings for the discharge of the sureties from liability; and both bonds are valid, constituting cumulative, concurrent security for the entire management of the estate.

A citation to the guardian to settle an account of his guardianship, is generally a necessary preliminary to a right of action against the sureties on a guardian's bond, because it is the proper mode of instituting judicial inquiry to ascertain their liability; but it is not indispensable when special circumstances make the citation impossible or unnecessary.

Where the guardian has absconded to parts unknown, and has converted to his own use the entire property of the ward, consisting of a single item of money, and an accounting could not change the liability of the sureties, a suit may be brought and maintained against them without citing the principal.

Failure to faithfully discharge the trust, and neglect to return an inventory as required by law, are breaches of the condition of the bond, and give a right of action thereon to the Judge of Probate, and upon judgment, the right to have execution issued in his name, for so much of the penalty as may be adjudged on trial to be just.

On report.　Judgment for the plaintiff.

The case is stated in the opinion.

*C. E. & A. S. Littlefield*, for plaintiff.

*C. M. Walker and L. R. Campbell*, for defendants.

SITTING : WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

PEABODY, J.   This is an action on a probate bond authorized by Charles K. Miller, Judge of Probate for Knox County, and brought in his name against the sureties, William J. Kelsey and T. R. Pillsbury, the principal, Frank A. Grant having absconded.   The case comes before the law court on report.   The principal on the bond then of Rockland, Maine, was appointed guardian of a minor, Lero F. Fairfield, July 15, 1902, by the Probate Court of Knox County, and on that date filed the bond in suit in the sum of $2,000.

· There being funds belonging to the minor in Massachusetts in the hands of an administrator amounting to $1100, it was necessary for the guardian, to entitle him to receive the same, to file a bond for double the amount in accordance with the requirements of the statute of Massachusetts.   The bond in suit not being for the required amount, it was intended to file an additional bond for $500, but as it was supposed that the new bond would be signed by the same sureties it was made for $2500.   T. R. Pillsbury declining to become a surety on the second bond, it was signed by William J. Kelsey and Fuller C. Blackington as sureties and was filed in the Probate Court August 19, 1902; and thereupon the guardian received the funds from the foreign administrator.   It appears from the statement of facts that Mr. Pillsbury requested the guardian's attorney to have the first bond withdrawn.   He communicated this request to the Judge of Probate, who expressed doubt as to whether it could be withdrawn; and it further appears that the Judge of Probate considered that thereafter the responsibility would be under the new bond.   The attorney did not understand that he was authorized by Mr. Pillsbury to petition for his discharge as surety on the bond and no petition was filed nor any decree made by the Judge of Probate.   R. S., chapter 74, section 3, prescribes the method by which the surety or sureties on a probate bond may be discharged from liability and the scope of such discharge.   The statute is as follows :—"On application of any surety or principal on such bond, the Judge, on due notice to all parties interested may, in his discretion, discharge

the surety or sureties from all liability for any subsequent, but not for any prior breaches thereof, and may require a new bond of the principal, with sureties approved by him." It is claimed that the second bond was given and accepted by the Judge of Probate in substitution for the bond in suit, and that the defendants were thereby discharged from liability for any subsequent default of the principal. In the absence of statutory proceedings for discharging the sureties, in view of the existence of the statute quoted, the filing of the new bond and its acceptance and approval by the Judge of Probate cannot have the effect by implication to supersede the original bond. Both bonds were valid and constituted cumulative and concurrent security for the entire management of the estate. *Governor* v. *Gowan*, 25 N. C. 342; *Hutchcraft* v. *Shrout's Heirs*, 1 T. B. Munroe, (Ky.) 206, 15 American Decisions, 101; *Loring* v. *Bacon*, 3 Cushing, 465; *State* v. *Mitchell*, 132 Ind. 461.

The conditions of a guardian's bond as prescribed by statute are as follows: —

"I. For the faithful discharge of his trust.

II. To render a true and perfect inventory of the estate, property, and effects of his ward, within the time limited by law.

III. To render a just and true account of his guardianship when by law required.

IV. At the expiration of his trust, to deliver all monies and property, which, on a final and just settlement of his account, appear to remain in his hands."

It is contended by the defendants that the action was prematurely brought because the principal was not cited to settle the account of his guardianship. This in the absence of special circumstances making a citation impossible or useless, is the legal prerequisite of a right of action against sureties on a guardian's bond. It is the proper mode of instituting a judicial inquiry in order to ascertain the liability of the sureties. It has been so decided in this state. *Bailey* v. *Rogers, et al.*, 1 Maine, 186; *Nelson* v. *Jaques*, 1 Maine, 139, following Massachusetts decisions, *Dawes* v. *Bell*, 4 Mass. 106. But it is admitted by the agreed statement of facts, that the principal on this bond resides, "Beyond the limits of the state being now without the

state, in parts unknown" and that he has "embezzled and converted to his own use all the property belonging to his ward." There can be no legal requirement of a citation which is impossible, and by reason of the circumstances of this case it is wholly unnecessary. The whole sum of $1100 which came into the hands of the guardian as a single item, has been converted to his own use, and an accounting could not possibly change the facts upon which the liability of the sureties depends; and the party in interest will not be compelled to resort to this preliminary, before bringing suit upon the bond, *Long* v. *Long*, 142 N. Y. 545 ; *Sage* v. *Hammonds*, 27 Gratt, (Va.) 651.

It is shown by the agreed statement of facts that there are also breaches of the first and third conditions of the bond. The principal "has used up and converted to his own use all the money and property of said estate, he has not rendered a true and perfect inventory of the estate, property and effects of his said ward within the time limited by law nor any inventory thereof." This gives the plaintiff in his official capacity a right of action, and upon judgment the right to have execution issue in his name for so much of the penalty of the bond as may be adjudged on trial to be just, and due to the person for whose use the action is brought. *Fuller* v. *Wing*, 17 Maine, 222 ; *Gilbert* v. *Duncan*, 65 Maine, 469. There is clearly due to the ward, Lero F. Fairfield, the sum of $1100 and interest.

> *Judgment in favor of the Judge of Probate for the penal sum of the bond. Execution to issue in his name for $1100 and interest from the date of the writ December 22, 1903, for the use of Lero F. Fairfield.*