CHARLES K. MILLER, Judge of Probate

*vs.*

CHARLES E. MESERVEY AND THE AMERICAN BONDING COMPANY.

Knox.    Opinion September 29, 1910.

*Executors and Administrators.    Sales of Real Estate.    License Bond.*
*Revised Statutes, chapter 73, sections 3, 17.*

1.  A license bond given under the provisions of section 3, chapter 73, Revised Statutes, ceases to be operative at the expiration of one year from the date of the license, if no sale has been made within the year.

2.  May 19, 1903, the defendant Meservey, administrator de bonis non with the will annexed of Charles A. Sylvester, was licensed under the provisions of chapter 73, Revised Statutes, to sell and convey certain real estate. The bond in suit was given as required by section 3.of said chapter. No sale was made under the license within one year from its date.  *Held:* that at the expiration of the year from the date of the license no sale having been made, the bond was at an end, and no subsequent act of the licensee would create any liability under the bond.

On agreed statement of facts.    Judgment for defendants.

Action of debt upon a probate bond, brought in the name of the Judge of Probate, and reported to the Law Court on an agreed statement of facts.

The case is stated in the opinion.

*Frank B. Miller,* and *Rodney I. Thompson,* for plaintiff.

*Arthur S. Littlefield,* for defendants.

SITTING : EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

KING, J.    This action, upon a probate bond, is reported to the Law Court on an agreed statement from which the following facts appear :

Charles E. Meservey, administrator de bonis non with the will annexed of the estate of Charles A. Sylvester, on the 19th day of

May, 1903, was licensed, under the provisions of R. S., chap. 73, by the judge of probate having jurisdiction over said estate, to sell and convey certain real estate; thereafter, March 15th, 1904, the bond in suit was given, in compliance with the requirements of sec. 3, of said chapter, containing the following statutory conditions:

"Now if the said Charles E. Meservey shall, First: Well and truly observe all the provisions of law for the sale, leasing or exchanging of such real estate, or interests therein, and use due diligence in executing the trust. Second: Truly apply and account for the proceeds of said sale or lease according to law. Then this obligation to be void, otherwise to remain in full force."

May 23, 1904, Meservey sold the real estate and has not accounted for the proceeds thereof, and the question presented is whether the plaintiff is entitled to recover upon these facts. We think he is not.

Section 17, chapter 73, provides: "No license granted under this chapter, except when otherwise provided, remains in force for more than one year from its date; but when that time has expired, a new license may be granted, with or without new notice, at the discretion of the judge, for the sale of all or part of the same real estate upon filing a new bond."

Under the express provision of the statute, the license granted to Meservey expired in one year from its date, or on May 19, 1904. After that date he had no authority to act under it, and any attempted sale thereafter made by him was inoperative. *Marr* v. *Boothby*, 19 Maine, 150; *Marr* v. *Hobson*, 22 Maine, 321.

The obligations of the bond guaranteed and secured that Meservey would lawfully exercise the authority and faithfully discharge the trust conferred upon him by the license. The sale referred to in the conditions of the bond is the sale which the licensee was authorized to make within the period prescribed by the license, and not a sale he might attempt to make after that period had elapsed. At the expiration of the year from the date of the license, no sale having been made, the bond was at an end, and no subsequent act of the licensee would create any liability under it. That the obligations of such a bond, where no sale has been made within the year, do

not cover any sale made after the expiration of the year, is unmistakably shown by the express provisions of the statute, whereby a new license may be granted "upon filing a new bond."

It is suggested by the plaintiff that since this bond was not dated and approved at the time the license was granted the obligations of the bond should be held to apply to a sale made within one year from the date of the bond, or its approval. The answer to that suggestion is that the statute does not require that the bond should be given when the license is granted. The giving of the bond is not a condition precedent to the issuing of the license, but it is a condition of the statute. to be complied with before the authority of the license can be lawfully exercised. The bond may be given at any time while the license is in force, provided only that it must be given "before proceeding to make such sale." Section 3, chapter 73, R. S.

No sale of the property was made while this license was in force, and accordingly the obligation of the bond ceased by limitation when the license expired. The sale, the proceeds of which Meservey has not accounted for, was not made till May 24, 1904, four days after the license had expired. The bond was not then in force, and the failure of Meservey to account for any money received by him as the proceeds of that sale is not a breach of the conditions of the bond.

Neither can the fact, that the administrator did not sell the property within the period of the license, be held to be a breach of the condition of the bond. The statute provides that a new license may issue, thus recognizing that the property may not be sold within the year, and it is not shown that the administrator was at fault in not selling it during the period of the license.

The entry, therefore, must be,

*Judgment for defendants.*