HAROLD E. COOK, Judge of Probate, *vs.* IDA S. C. TITCOMB, et al.

## Kennebec.   Opinion April 17, 1916.

*Duties of personal representatives of a deceased executor or administrator.*
*Findings of facts as to amount due by judge of probate, no appeal being*
*entered.   General rule as to liability of sureties on probate bonds.*
*Judgment on probate bond.   Execution to issue thereon for*
*what sum.   Statute of limitations as to probate bonds.*

1. When an executor has taken into his control the property of the estate, the sureties on his official bond are holden for the lawful administration of that property by their principal, and for a just and true account thereof to the judge of probate having jurisdiction of the estate.

2. If the executor dies before he has fully discharged his trust, his sureties continue responsible for a just and true accounting of the property which their principal received as executor, and for the payment and turning over to the estate of any balance of that property not found to have been lawfully disposed of by him in his lifetime.

3. The personal representative of a deceased executor has the right and is the proper party to present to the probate court for settlement the administration-account of the deceased executor.

4. In the presenting and settlement of an executor's administration-account by his personal representative, the sureties on the official bond of the deceased executor are fully and effectually represented in the probate court by the personal representative of their principal.   They cannot be heard to question the validity of a decree regularly passed by the probate court against their principal in matters covered by the bond.

5. If in the settlement of the deceased executor's administration-account the judge of probate determines and decrees that a certain balance is due from the estate of the deceased executor to the estate he represented, from which decree no appeal is taken, it is then the duty of the personal representative of the deceased executor to pay that sum on demand to the administrator de bonis non of the estate to which it is due and payable. And the refusal of such personal representative to make such payment is a breach of the official bond of the deceased executor for which his sureties thereon then become liable.

6. In an action in the name of the judge of probate against a surety on the official bond of a deceased executor for breach of the bond, upon proof of the breach, judgment must be entered for the penalty of the bond.   But execution is to issue under such judgment for so much only as the court

finds to be due from the estate of the deceased executor to the estate he represented, with interest and costs.

7.  Lendall Titcomb, the executor of the will of Nancy W. Cushman, died April 23, 1908. Thereafter his executrix, Ida S. C. Titcomb, filed in the probate court having jurisdiction of the Cushman estate her testator's administration-account in that estate, and after hearings thereon the judge of probate, on January 25, 1915, decreed that the balance due from the estate of said Lendall Titcomb to the Cushman estate is $6643.27, from which decree no appeal was taken. March 20, 1915, the administrator de bonis non of the Cushman estate demanded of Ida S. C. Titcomb, as executrix, payment of the amount so decreed which demand was refused. Thereupon the judge of probate authorized this action to be brought in his name for the benefit of the Cushman estate against said Ida S. C. Titcomb, the surviving surety, upon the official bond of said Lendall Titcomb. *Held,* that the refusal of said Ida S. C. Titcomb, the personal representative of Lendall Titcomb, to pay the amount found and decreed by the judge of probate to be due from the Lendall Titcomb estate to the Cushman estate was a breach of the bond in suit for which breach the defendant as surety on said bond is liable; that judgment is to be entered in this action against the defendant for the penalty of the bond, and that execution is to issue thereunder for $6643.27 with interest thereon from March 20, 1915, and costs.

Action of debt on probate bond. Plea of general issue and brief statement filed by defendant. Case reported to Law Court upon agreed statement of facts, Law Court to render such decision as law and facts require. Judgment for plaintiff.

Case stated in opinion.

*George W. Heselton and Herbert E. Foster,* for plaintiff.

*Andrews & Nelson,* for defendants.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHIL-BROOK, JJ.

KING, J. This case is reported to the Law Court on an agreed statement.

Nancy W. Cushman, a resident of Augusta, Maine, died testate March 20, 1892. Her will was proved and allowed April 25, 1892, and Lendall Titcomb was appointed and qualified executor, giving bond with the defendant as one of the sureties thereon. The testatrix gave her property, after the payment of her debts, funeral

expenses and expenses of administration, to her sister Mary Waugh in trust, she to have the income thereof and such portions of the principal as should be necessary for her comfortable support during life, and at her death any portion of the estate remaining unexpended was to be distributed by the executor to certain persons named in the will. .

Lendall Titcomb, the executor, took possession of the estate and retained the management of it during the lifetime of Mary Waugh, who died April 22, 1908. He died the following day, April 23, 1908, never having filled an inventory or rendered any account in said estate. Ida S. C. Titcomb, his wife, is his sole beneficiary and the executrix of his will. As such executrix, on June 11, 1909, she filed in the probate court having jurisdiction of the Cushman estate her testator's administration-account in that estate showing a. balance due the estate of $2619.83. The allowance of that account was contested and after hearings thereon, the judge of probate, on January 25, 1915, decreed that the balance due from the estate of said Lendall Titcomb to the Cushman estate is $6643.27, from which decree no appeal was taken. On March 20, 1915, the administrator de bonis non of the Cushman estate demanded of Ida S. C. Titcomb, executrix, payment of the amount so decreed to be due from the Lendall Titcomb estate to the Cushman estate, which demand was refused.

Thereupon the judge of probate authorized this action to be brought in his name against said Ida S. C. Titcomb as the surviving · surety upon the official bond given by Lendall Titcomb as such executor.

It is urged in defense that inasmuch as the action was not commenced within six years after the death of Lendall Titcomb it is barred by the provisions of sec. 8 of c. 74, R. S., which reads: "Every action against sureties on an administrator's or executor's bond must be commenced within six years after such administrator or executor has been cited to appear to settle his account in the probate court where administration is granted on the estate, or if not so cited, within six years from the time of the breach of his bond, unless such breach is fraudulently concealed by the administrator or executor from the heirs, legatees or persons pecuniarily

interested, who are parties to the suit, and in such case within three years from the time such breach is discovered." The exact point urged in defense is, that there was not, and could not be, any breach of the bond after the death of the executor, for which the sureties on his official bond can be held liable. There is no merit we think in that contention.

The sureties on the official bond of an executor undertake and guarantee that their principal shall faithfully discharge the duties of his trust, and shall administer the estate committeed to him according to law and the will of the deceased. The bond is given to the judge of probate in his official capacity, and at his death passes to his successor in office. It is given for the benefit of the estate, and for all persons who may be interested therein. The condition of the bond, though expressed briefly and in general terms, from its very generality embraces a great variety of acts, to continue for considerable time. Such bond is obviously a continuing obligation, of which there may be various and successive breaches. *Loring* v. *Kimball,* 1 Gray, 305, 312. When an executor has taken into his control property of the estate, the sureties on his official bond stand sponsors for the lawful administration of that property by their principal, and for a just and true account thereof to the judge of probate having jurisdiction of the estate. If the executor dies before he has fully discharged his trust, his sureties continue responsible for a just and true accounting of the property which their principal received as executor, and for the payment and turning over to the estate of any balance of that property not found to have been lawfully disposed of by him during his lifetime. That such responsibility rests upon the sureties on the official bond of an executor or administrator seems beyond dispute. We know of no authority to the contrary. It has always been so recognized.

In the case at bar it appears that the executor did not return an inventory of the estate, nor file an account, within the times required by law. But those breaches of his bond are not relied upon in this action. They probably occasioned the estate but nominal damages, and they happened more than twenty years before this action was brought. It does not appear that the property received by the executor was not administered according to the will, during

the lifetime of Mary Waugh, the cestui que trust. No claim is made for a breach of the bond in that respect. Nor could it be reasonably claimed that the executor committed a breach of his bond because he did not distribute the balance of the estate according to the will after the death of Mary Waugh, for he died the following day.

But at the death of Lendall Titcomb there was in his hands a balance of the Cushman estate, the amount of which could be authoritatively determined only by the judge of probate after an examination and adjustment of the administration-account of the deceased executor. Until that balance was ascertained the liability of the sureties on the executor's official bond, if any, could not be determined. The executrix of Lendall Titcomb's will presented to the probate court for examination and allowance such an account. She had the right to do that, and she was the proper party to do it. In *Nowell* v. *Nowell,* 2 Maine, 75, the court said: "For the performance of all the duties and responsibilities of such administrator, he, in his lifetime, is personally bound, and his representative is answerable upon his decease; it therefore becomes necessarily incident to the power, duty, and authority of the representative to be permitted to show that these duties and responsibilities have been faithfully discharged. To refuse him this privilege, would be to hold him accountable for the doings of the party he represents and, at the same time, to withhold from him the means of showing that such party had conducted with the most perfect fidelity."

In the presenting and settlement of an executor's administration-account by his personal representative, the sureties on the official bond of the deceased executor are fully and effectually represented in the probate court by the personal representative of their principal. And they cannot be heard to question the validity of a decree regularly passed by the probate court against their principal in matters covered by the bond. *Judge of Probate* v. *Quimby,* 89 Maine, 574. The contingency that their principal may die before his trust is fully discharged, leaving funds in his hands belonging to the estate he represented, which his personal representative may neglect and refuse to pay over to that estate on demand, is a continuing liability assumed by the sureties on the official bond of an executor or administrator. And when such a contingency arises a breach of the bond then occurs for which the sureties become liable.

In the instant case the julge of probate, after hearings in the matter of settlement of the administration-account of Lendall Titcomb as the executor of the Cushman will, determined and decreed that there was due the Cushman estate from the Titcomb estate $6643.27. It was then the duty of the executrix of the will of Lendall Titcomb, as his personal representative, to pay that sum to the administrator de bonis non of the Cushman estate. She lawfully represented Lendall Titcomb in the settlement of his administration-account in the Cushman estate; and she was just as much bound to pay the amount found due the Cushman estate in the settlement of that account, as Lendall Titcomb would have been bound to pay it if alive. On her refusal to make such payment there was a breach of the official bond of Lendall Titcomb for which breach his sureties thereon became liable, just the same as there would have been a breach of his bond, for which his sureties thereon would have become liable, had the decree of the judge of probate been made in the lifetime of Lendall Titcomb and he had refused to pay the amount so decreed.

. This action against the defendant as the surviving surety on Lendall Titcomb's official bond as executor having been commenced almost immediately after the breach of the bond relied upon and proved, as we have indicated, it is apparent that the alleged defense of the statute of limitation does not apply, and must be overruled.

The defendant's situation in this action is unusual. She is the personal representative of Lendall Titcomb, the principal in the bond, and as such personal representative it was her duty to pay to the Cushman estate the amount decreed by the judge of probate. She is also the surviving surety on the bond, and as such she is liable for the payment of the amount decreed, because of the default of the Titcomb estate to pay it. And, moreover, she is the sole beneficiary of the Titcomb estate. She had, therefore, the fullest right and opportunity to be, and undoubtedly was, personally represented in the proceedings in the probate court under which the decree was made fixing the amount due from the Lendall Titcomb estate to the Cushman estate, and for the payment of which she was responsible as surety.

Her obligation as surety on the bond being joint and several she is suable thereon alone. There is no suggestion of any infirmity or irregularity in bringing this action against her as surety. It was properly bought in the name of the judge of probate for the benefit of the Cushman estate and all persons interested therein.

A breach of the bond in suit having been shown for which the defendant Ida S. C. Titcomb as surety on said bond is liable, judgment must be entered in this action against her for the penalty of the bond. R. S., c. 74, sec. 9. *Lewis* v. *Warren,* 49 Maine, 322.

But execution is to issue under said judgment for so much only of the penalty of said bond as equals the amount which the court finds to be due the estate of Nancy W. Cushman from the estate of Lendall Titcomb, with interest thereon and costs; and the court finds that amount to be the same amount which the judge of probate found to be due from the estate of Lendall Titcomb to the estate of Nancy W. Cushman, to wit, the sum of $6643.27, to which is to be added interest thereon from March 20, 1915, the time when payment thereof was demanded of said Ida S. C. Titcomb, and costs.

*So ordered.*