WILLIAM M. WARREN, Judge of Probate,

*vs.*

EDWARD LEONARD, JR., et al.

Penobscot.   Opinion October 19, 1916.

*Action on Probate Bond. Chancering Probate Bond. Effect of evidence showing that executor, or administrator, had sent list of securities and had paid dividends accruing to said lists. Form of judgment to be rendered. Right to chancer bond when party has, by tortuous act, withheld certain evidence.*

Action against principal and surety upon a bond given by the principal as administrator, with will annexed, and for the benefit of said estate. The case comes to us on report.

The defendant surety concedes that there has been a technical breach of the bond, at least; that the actual plaintiff, who succeeds the principal defendant as administrator d. b. n. c. t. a. is entitled to recover in this action for such breach, for the benefit of the estate, at least nominal damages; but contends that the damages recoverable are only nominal. The principal defendant is not represented and presents no argument.

*Held;*

1. That a breach of the bond in suit having been shown, for which the surety on the bond is liable, judgment must be entered against the surety for the penalty of the bond, but execution is to issue under said judgment for so much only of the penalty of said bond as equals the amount which the court finds due the estate from the delinquent administrator, with interest thereon and costs.

2.  A list of securities belonging to the estate, although made by the original executor, if examined by the administrator de bonis non and approved by him, and if for a long period of time he sends the dividends accruing and the coupons maturing from such securities to a beneficiary under the will, may be regarded as being adopted by the administrator as a true list, and become proper evidence against him for the purpose of charging the assets in his hands as belonging to the estate of which he is administrator.

Action of debt on probate bond. Defendant pleaded general issue and brief statement. At close of testimony, questions of law having arisen, case was reported to Law Court. Judgment for plaintiff for the full amount of the bond with interest on that sum from the date of the writ, July 16, 1915, together with costs.

Case stated in opinion.

*Matthew Laughlin,* for plaintiff.

*George E. Thompson, and James D. Maxwell,* for defendant.

SITTING:  SAVAGE, C. J., KING, BIRD, HANSON, PHILBROOK, MADIGAN, JJ.

PHILBROOK, J.   Action against principal and surety upon a bond given by the principal as administrator, with will annexed, of the goods and estate not already administered, which were of Sarah B. Copeland, late of Bangor, deceased testate, and for the benefit of said estate. The case comes to us on report.

The defendant surety in its brief concedes that there has been a technical breach of the bond, at least; that the actual plaintiff, Matthew Laughlin, who succeeds the principal defendant as administrator d. b. n. c. t. a. is entitled to recover in this action for such breach, for the benefit of the estate, at least nominal damages; but seriously contends that the damages recoverable are only nominal. The principal defendant is not represented by counsel and presents no argument in his own behalf.

On the last Tuesday of October, 1891, Edwin Leonard, father of the principal defendant, was appointed executor of the last will and testament of Sarah B. Copeland, without bond. This executor died May 22, 1908, not having completed administration of the estate. On the  twenty-eighth day of September, 1909, the principal defendant, Edwin Leonard, Jr., was appointed administrator

c. t. a. d. b. n. of the Copeland estate and gave the bond which is the subject of this suit. In compliance with the statute, Leonard being a resident of New Jersey, Charles H. Bartlett of Bangor was appointed agent of Leonard and the appointment was accepted. On the twenty-fifth day of May, 1915, Leonard, Jr., was removed from office and Laughlin appointed in his place. No inventory of the Copeland estate was ever filed by Leonard, Sr. or Leonard, Jr.

In *Cook* v. *Titcomb,* 115 Maine, 38; 97 Atlantic Reporter, 133, this court held that a breach of the bond in suit having been shown, for which the surety on the bond is liable, judgment must be entered against the surety for the penalty of the bond, but that execution was to issue under said judgment for so much only of the penalty of said bond as equals the amount which the court finds due the estate from the delinquent administrator, with interest thereon and costs. Whether such execution shall be for a nominal or substantial sum, and· if substantial how great that sum shall be, seems to be the only issue in the case at bar.

The plaintiff claims that under the peculiar circumstances of the present case the bond in question should not be chancered, but that the judgment should be for the full amount of the penal sum. This he claims for two reasons, first, because the amount of the defalcation has been shown to be greater than the amount of the penal sum, and, second, because where one by his own tortious act has withheld the evidence by which the nature and extent of his wrong doing may be alone determined, every presumption is to be taken against him. In support of his first claim he offers the testimony of Hattie Ann Leonard, a life beneficiary under the Copeland will, who says that after the death of Leonard, Sr., there was shown to principal defendant before his appointment as administrator, a list of securities belonging to the Copeland estate, that he examined and approved of the list, and that for four or five years after his appointment as administrator he sent her, as beneficiary of the income, the dividends and coupons that accrued from that list. It appears that the list in question was one made by Leonard, Sr., about two years before his death and consequently made more than two years before Leonard, Jr., was appointed administrator. The list itself was offered in evidence as an exhibit, subject to the objection of the defendant. Standing alone such a

list would be inadmissible under the hearsay rule, but taken in connection with the undisputed testimony of Miss Leonard that the defendant examined and approved of the list, and for at least four years after his appointment as administrator sent her the dividends and coupons which accrued from such list, we think it admissible. It was a list made by Leonard, Sr., and was competent evidence against him in any suit by or against him in his representative character. *Founce* v. *Grey,* 21 Pick., 243; *Lawson* v. *Powell,* 31 Ga., 681; 79 Am. Dec., 296. It was proper evidence against him for the purpose of charging the assets in his hands as belonging to the estate of which he is the administrator. *Floyd* v. *Wallace,* 31 Ga., 690. As already intimated this would not have made the list admissible in this case if the evidence had halted at that point. Such is not the fact. The deliquent administrator examined the list, approved of it, sent dividends and coupons accruing in accordance with that list. By all these acts he adopted the list and made its statements his own as much as they had formerly been his predecessor's in the trust relationship. As that list would be evidence against his predecessor who made it originally, so must it be against him who made it his by adoption.

Moreover, during the four years in which he was sending the coupons and dividends to Miss Leonard, it does not appear that he ever questioned the accuracy of the list or denied that the securities named therein came into his possession. But on the contrary, by sending the coupons and dividends, as above stated, he confirmed the accuracy of the list and his knowledge of its contents. Such conduct is certainly strong evidence in support of the claim of the plaintiff, and equally inconsistent with that of the defendant, as to the number and character of the securities which came into the possession of the defendant administrator.

In the trial court below there was produced by the surety, and delivered to the attorney for the plaintiff, stocks and bonds belonging to the estate and valued at eight thousand four hundred eighty dollars. From the evidence contained in the list which we have had under discussion, and from all other evidence in the case, it would appear that the value of the missing securities exceeds fifteen thousand dollars, a sum more than twice the amount of the penal sum named in the bond.

As we have already said, the real controversy between the parties is conceded to be the amount of the execution, and under the testimony as we understand it that sum should be for the full amount of the penal sum named in the bond with interest and costs, and even that will not fully reimburse the loss to the estate.

The finding of the court will be, judgment for plaintiff, execution to issue for the full amount of the bond, six thousand dollars, with interest on that sum from the date of the writ, July 16, 1915, together with costs.

*So ordered.*