JOHN W. BRACKETT, Judge of Probate

*vs.*

ALVIN L. THOMPSON, et als.

Lincoln.    Opinion October 25, 1920.

*Administrator's bond. Failure to return an inventory and to file an account, constitute two breaches of the conditions of the bond.*

Action of debt on bond of administrator de bonis non with will annexed. Exceptions to directed judgment for the plaintiff.

*Held:*

That as a breach of at least two of the conditions of the bond was proved, namely, the failure to return an inventory and to file an account, judgment against the principal and sureties necessarily followed, for the penal sum of the bond with the right to have execution issue for so much of the penalty as may be adjudged on trial to be just.

This is an action of debt on a bond of an administrator de bonis non with will annexed.   Plea the general issue, with a brief statement alleging that no assets came into the hands of the administrator. The case was tried to a jury, but at the conclusion of the evidence the presiding Justice ordered a verdict for plaintiff, to which ruling the defendant took exceptions.   Exceptions overruled.

Case stated in the opinion.

*A. S. Littlefield,* for plaintiff.

*E. O. Greenleaf,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

CORNISH, C. J.   Edith M. Thompson of Bristol died testate on October 12, 1912.   On January 7, 1913, her will was duly allowed by the Probate Court of Lincoln County and her husband, Joseph L. Thompson, was appointed executor without bond.   The executor filed an inventory showing real estate of the appraised value of $450, and personal property of the appraised value of $1100.   Joseph L. Thompson died May 29, 1914, no account of his executorship having been filed.

On July 6, 1914, a petition was filed by Alvin L. Thompson in the Probate Court, alleging that Joseph L. Thompson had died without having fully administered the estate, that there were goods and estate still remaining to be administered and praying for his own appointment as administrator de bonis non with will annexed.   On this petition he was duly appointed and gave bond in the sum of $1,000 dated October 6, 1914, for the faithful performance of his duties.   The co-defendants in this suit were sureties on this bond.

Among the conditions and obligations of the bond, which was in the usual statutory form, were these:

FIRST:   "Make and return to the Probate Court within three months a true inventory of all the real estate and all the goods, chattels, rights and credits of said testatrix, which are by law to be administered, and which shall come to his possession or knowledge."

THIRD:   "Render upon oath a just and true account of his administration within one year and at any other times when required by the Judge of Probate."

At the September Term, 1915, of the Probate Court a petition was filed asking that Alvin be required to file both inventory and account and on this petition notice was duly ordered on him. But he failed to comply with the prayer of the petition and on October 25, 1916, two years after his appointment this action of debt on bond was brought in the name of the Judge of Probate, and at the close of the testimony at the trial, a verdict was directed in favor of the plaintiff by the presiding Justice.

On defendant's exceptions to this ruling the case is now before the Law Court. The exceptions cannot be sustained. A large amount of testimony was introduced as to the acts of Joseph L., the first executor, during the time of his executorship, his dealings with Alvin in conveying to him all the real and personal property in the estate, in consideration of Alvin's agreement to support him through life, and the acts of Alvin since his appointment as administrator de bonis non with will annexed. The powers of Joseph L. as devisee and legatee under the will were also made an issue. But in none of these acts can anything be found in the nature of a defense to this action. The conditions of the bond are specific and positive. In two of these at least, the failure to return an inventory, and to file an account, the defendant, Thompson, is guilty of a breach and therefore judgment against the sureties and himself necessarily follows for the penal sum of the bond with the right to have execution issue for so much of the penalty as may be adjudged on trial to be just. R. S., Chap. 77, Sec. 10; *Miller* v. *Kelsey,* 100 Maine, 103. Only one verdict could have been rendered and that in favor of the plaintiff, as the facts were disclosed. What the defendants may be able to show when the bond is chancered is not of consequence at this stage of the proceedings.

Exceptions overruled.