GEORGE M. DAVIS, JUDGE OF PROBATE

*vs.*

AMERICAN SURETY COMPANY OF NEW YORK

GEORGE M. DAVIS, JUDGE OF PROBATE

*vs.*

MAINE BONDING & CASUALTY COMPANY

Somerset.    Opinion, June 20, 1949.

*Seth May, Rupert F. Aldrich, Edmund Muskie,*
                                    for plaintiff.

*Perkins, Weeks and Hutchins,*
*James R. Desmond,*
*William B. Mahoney,*
   for defendant, Maine Bonding and Casualty Company.

*Merrill and Merrill,*
   for defendant, American Surety Company.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, FELLOWS, JJ.

TOMPKINS, J., sat at argument and participated in consultation, but died prior to the preparation of the opinion.

FELLOWS, J. These two actions of debt from Somerset County, brought in the name of the Judge of Probate, on executor's bonds to permit sale of real estate, were heard together by a referee. In the action against American Surety Company the referee found for the defendant company. In the action against Maine Bonding & Casualty Company the referee found for the plaintiff in the sum of $7,373.83. To the acceptance of the referee's report in the American Surety Company case the *plaintiff* filed written objections and took exceptions to allowance. To the acceptance of referee's report in the Maine Bonding & Casualty Company case the *defendant* objected in writing and excepted.

## THE AMERICAN SURETY CASE

This was an action of debt on two bonds of Daniel M. Marshall, executor of the will of Columbus Marshall, each in the penal sum of $20,000. One bond for sale of real estate was dated April 16, 1926, and the other, as security

for renewal of license to sell real estate, was dated May 7, 1927. The bonds were executed by the defendant American Surety Company of New York in connection with the executor's license to sell certain real estate of the deceased testator, under and according to R. S. (1944), Chap. 150, Secs. 3, 4 and 18. The original license to sell the real estate was granted to the executor on April 13, 1926 and the second license was granted May 4, 1927. There was no sale of the testator's real estate made until 1934, under another license dated September 12, 1934. When the sale was made the defendant American Surety Company did not issue the accompanying bond. The surety in 1934 was the other defendant.

The conditions of the bonds issued in 1926 and 1927 by this defendant, American Surety Company in this case were as provided by R. S. (1944), Chap. 150, Sec. 3, that, the executor would (1) "observe all provisions of law for the sale" and "use due diligence in executing the trust" and (2) that he would "truly apply and account for the proceeds of said sale."

There was no sale made by the executor within a year, while either the 1926 or 1927 licenses to sell were in force. R. S. (1944), Chap. 150, Sec. 18. The referee found no liability on the part of the American Surety Company because no breach of the bond. In other words, the referee found as facts that there was no sale and no lack of due diligence.

It does not appear by the record before us that this executor, at the time when he was appointed executor, gave a general bond for the faithful discharge of his trust as executor. He was probably excused under the will. R. S. (1944), Chap. 141, Sec. 10 and Sec. 11. The fact that the executor did not give a general bond, does not authorize the extension of a special bond, for sale of certain real estate, to cover money or property received from sources other than

sale of the real estate. *Judge of Probate* v. *Toothaker,* 83 Me. 195; 22 A. 119; *Williams* v. *Morton,* 38 Me. 47; 61 Am. Dec. 229.

No sale was made of property belonging to the testator's estate while the above-mentioned licenses of 1926 and 1927 were in force. The sale was made years afterward and under another license to sell. The failure to account for any money received by the executor as the proceeds of the 1934 sale is not a breach of either of the bonds issued in 1926 and 1927 by the defendant American Surety Company. The referee could find, and did find, that the executor was not at fault in not selling under these licenses issued in 1926 and 1927. *Miller* v. *Meservey,* 107 Me. 158; 77 A. 697.

The plaintiff has no valid exceptions to the acceptance of the referee's report in this case against the American Surety Company.

## THE MAINE BONDING CASE

This second action of debt, on a $10,000 bond for executor's sale of real estate, was brought by Rupert F. Aldrich as administrator d.b.n.c.t.a of Columbus Marshall, in the name of the Judge of Probate for the benefit of the estate, against the defendant Maine Bonding & Casualty Company. The bond of defendant was dated September 20, 1934. "The condition was such" (as the declaration states) "that whereas said Daniel Mann Marshall, in the capacity of executor of the will of Columbus Marshall, late of Anson, in said County of Somerset, deceased, at a court of probate held at said Skowhegan on the 12th day of September A. D. 1934, was licensed to sell and convey certain of the real estate belonging to said Columbus Marshall, described in the petition of said Daniel Mann Marshall for license to sell, dated September 12, 1934, then if said Daniel Mann Marshall should first, well and truly observe all provisions of law for the sale, leasing or exchanging of such real estate, or interest therein, and use due diligence in executing said trust, and

second, truly apply and account for the proceeds of sale or lease according to law, then said obligation was to be void, otherwise to remain in full force." The plaintiff further alleged that within the year covered by the license the executor did not observe the provisions of law for the sale of property, nor use due diligence, but "with intent to defraud the estate of Columbus Marshall, gave executor's deeds thereof dated November 28, 1934, to one Hemon S. Blackwell of Stratton, Franklin County, Maine, conveying to him the title and ownership of said lands in ostensible execution of his said license to sell the same, but with a secret agreement whereby said Blackwell was not to pay for said lands but was to cut and remove the wood and timber therefrom and deliver the same to said Daniel Mann Marshall, personally, or to parties designated by him in return for $100 a month to be paid said Blackwell by said executor," and the plaintiff further claimed that the "fraud and secret agreement were concealed by said executor, who on December 20, 1934 at Skowhegan aforesaid filed certificates of sale of said land to said Blackwell, in said court, purporting to show a bona fide sale thereof for $2,000, as to part thereof and for $1,000, as to the remainder thereof." Blackwell gave back a mortgage to the executor personally, who assigned the mortgage to a bank, which bank foreclosed. There were other and additional allegations of fraud, "neglect, inattention and indifference" regarding the testator's property in Somerset County, covered by the license to sell.

The defendant pleaded the general issue and by brief statement pleaded performance. The plaintiff by counter brief statement denied performance, realleged the breaches, and the defendant joined. The case was heard by a referee who awarded damages to the plaintiff for $7,373.83.

The defendant, Maine Bonding Company, filed written objections to the allowance of the referee's report when presented before the Superior Court for Somerset County, and

to the allowance took exceptions. One exception is that at the hearing before the referee the decree of the Judge of Probate was objected to as evidence, which decree showed that the final account of Daniel M. Marshall, executor, as filed by Lena S. Marshall the administratrix of Daniel M. Marshall, was disallowed, also that the Probate Court charged Marshall for use and occupation of real estate $2,485.83 and $738.71 interest thereon; for rentals collected of tenants $1,988.67 and $590.85 interest; for loss or damage sustained by misconduct in fraudulently selling to Hemon Blackwell according to secret agreement and falsely stating the consideration as being $2,000 and $1,000, the sum of $5,452 "for which neither said executor, nor his estate, has accounted" with interest amounting to $1,921.83; and for additional loss in the sum of $10,500 due to "neglect, inattention and indifference;" for loss or damage due to a forfeiture of a policy of insurance on life of Daniel M. Marshall assigned to the testator, which the Probate Court found to be the property of the estate, $2,374.70; with other losses due to maladministration of the executor in the total sum of $26,052.59.

The account as filed by Lena S. Marshall as administratrix of Daniel M. Marshall was specifically disallowed by the Probate Court, but in the decree the Judge of Probate found facts and found damages as declared on in the above declaration. The referee found for the plaintiff in this action on the bond for the sale of the real estate to Hemon S. Blackwell in the above sums stated by the Judge of Probate to be $5,452.00, plus interest of $1,921.83, or the total of $7,373.83 "for which neither said executor nor his estate, has accounted."

The exception presents the question of the admissibility, in this actoin, of the above decree of the Judge of Probate.

This action is on special bond of the defendant for sale by the executor of real estate. It is not an action on an executor's general bond for faithful discharge of his trust as

executor. There was apparently no general bond. The bond in suit covers only the amount that was received from the sale within the year, or that should have been received at the sale, taking into consideration its fair market value or other pertinent facts, and the bond was also given to "truly apply and account for the proceeds." *Judge of Probate* v. *Toothaker*, 83 Me. 195; 22 A. 119; *Miller* v. *Meservey*, 107 Me. 158; 77 A. 697.

The record shows that the plaintiff offered in evidence the bond in suit, originally given on September 20, 1934 with Daniel Mann Marshall as principal, and Union Safe Deposit & Trust Company of Delaware as surety, conditioned as required by statute to observe "all provisions of law for the sale," * * * "and use due diligence" and to "apply and account for the proceeds." The record further shows that it was stipulated and agreed that the defendant, Maine Bonding & Casualty Company, "stands in the place of The Union Safe Deposit & Trust Company." The authority to bring the suit in the name of the Judge of Probate was admitted. The plaintiff offered in proof of his case the above mentioned decree of the Judge of Probate, which was objected to.

This decree of the Judge of Probate specifically disallowed the executor's final account, and, for the purpose of showing a breach of the conditions of the bond by nonallowance of the account, the decree was admissible. Chapter 150, Section 4 of the Revised Statutes of 1944 provides that the executor "shall be deemed to have performed the conditions" when, among other things, he has charged himself in an "account duly filed and allowed."

Under the view that we take in this case, the only other exception, that becomes material, is that the referee erred in finding for the plaintiff in the amount of $7,373.83. We believe this contention correct. The referee found, as he could find, from the decree of the Judge of Probate, that there was a breach of the conditions of the bond, because no

account was "duly filed and allowed." R. S. (1944), Chap. 150, Sec. 4. Judgment should be for the plaintiff in the penal sum of the bond, for the reason that others may be interested.

The statute provides that "when judgment is for the plaintiff by verdict, default, or otherwise in any suit on a probate bond, it shall be entered for the penalty in common form, and the subsequent proceedings shall be had by the court as hereinafter provided." R. S. (1944), Chap. 151, Sec. 10. Various sections follow, providing for suits by creditors or others interested, and for *scire facias*. R. S. (1944), Chap. 151, Sec. 16 then provides that in subsequent proceedings the court shall order an execution to issue for "so much of the penalty of the bond as appears to be due, with interest and costs." See *Potter* v. *Titcomb*, 12 Me. 55; *Potter* v. *Titcomb*, 11 Me. 157; *Cook* v. *Titcomb*, 115 Me. 38; 97 A. 133; *Warren* v. *Leonard*, 115 Me. 323; 98 A. 824; *Miller* v. *Kelsey*, 100 Me. 103; 60 A. 717; *Brackett* v. *Thompson*, 119 Me. 359; 111 A. 416. Interest is added to the amount of the penalty of a bond from the date of the breach. *Foster* v. *Kerr and Houston*, 133 Me. 389, 402; 179 A. 297; *Wyman* v. *Robinson*, 73 Me. 384, 387; 40 Am. Rep. 360.

The rule of reference in this case was in the usual form and gave no authority to find the amount of the execution. When a referee finds a breach of any of the conditions of a bond for sale of real estate, as here, he should find for the plaintiff in the penalty of the bond. R. S. (1944), Chap. 151, Sec. 10. In subsequent proceedings the amount of execution is to be determined. R. S. (1944), Chap. 151, Sec. 16.

> In the case of George M. Davis, Judge of Probate v. American Surety Company,

> *Exceptions overruled.*

In the case of George M. Davis, Judge of Probate v. Maine Bonding & Casualty Company,

*Exceptions sustained.*