ARTHUR J. DUNTON, JUDGE OF PROBATE
*vs.*
MAINE BONDING AND CASUALTY COMPANY
successor by merger of Union Safe Deposit and Trust
Company of Delaware, and Union Safe Deposit and
Trust Company of Delaware.

ARTHUR J. DUNTON, JUDGE OF PROBATE
*vs.*
MAINE BONDING AND CASUALTY COMPANY
successor by merger of Union Safe Deposit and Trust
Company of Delaware, and Union Safe Deposit and
Trust Company of Delaware.

Sagadahoc.   Opinion, August 30, 1954.

*John Wilson,*
*Ralph A. Gallagher,*
*Hyman Jacobson,* for plaintiff.

*William B. Mahoney,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU,
TAPLEY, JJ. TIRRELL, J., did not sit.

BELIVEAU, J.   On exceptions.   These actions are brought to recover for the alleged breaches of two bonds, one dated August 15, 1932 in the penal sum of $250,000 and the other November 1, 1932 for $50,000.   The bonds were furnished by J. Houghton McLellan, as executor under the will of James S. Lowell with the defendants as sureties.

At the October 1952 Term of the Superior Court for Sagadahoc County the defendant filed a plea of general issue together with a brief statement.   An amendment to this plea, in which the defendant claimed the actions were barred by Section 9, Chapter 151 of the Revised Statutes of Maine, was allowed at the June 1953 Term of that Court. A full hearing was had before the Superior Court and while many rulings were made by the presiding justice, the only one to which exception was perfected, and before this court for consideration and decision, is that the actions were barred by the aforesaid statute.

The alleged breaches on the bonds relate to the payment by J. Houghton McLellan, executor under the will of James S. Lowell, of the sum of $12,500 to William F. Dunham in compromise of a claim filed by Dunham against the estate of James S. Lowell.

Prior to his death, James S. Lowell, was Judge of Probate for the County of Sagadahoc and William F. Dunham was Register of Probate for that county.

On July 19, 1932 Dunham filed a proof of claim for $25,000 against the estate of James S. Lowell based on an alleged oral contract, by the terms of which Dunham agreed not to relinquish his office as Register of Probate while James S. Lowell retained his office as Judge of Probate for that county.

McLellan petitioned the Probate Court for permission to compromise this claim for the sum of $12,500 and the court gave the executor authority to make that settlement.   Pay-

ment of $12,500 to William F. Dunham was made on August 23, 1932 and was approved in McLellan's first account. A second account was filed and an order obtained for distribution. This was filed and allowed.

McLellan died August 20, 1937. No claim was filed against his estate for the alleged breaches nor any action brought against his estate.

The plaintiff in his declarations and in his argument before this court claims that the alleged contract between Dunham and Lowell was not a valid one, that the payment of $12,500 in compromise was illegal and that the Probate Court had no authority to allow McLellan credit for the payment of that sum.

We are not concerned with the validity of the contract nor with the action of the Probate Court in its approval of the payment of the $12,500 nor with its action in allowing McLellan that sum in his accounts. We are concerned solely with the applicability of Section 9, Chapter 151.

Section 9, Chapter 151 of the Revised Statutes reads as follows:

"Action on administrator's or executor's bond, limitation. R. S., c. 86, § 9. Every action against sureties on an administrator's or an executor's bond must be commenced within 6 years after such administrator or executor has been cited to appear to settle his account in the probate court where administration is granted on the estate, or, if not so cited, within 6 years from the time of the breach of his bond, unless such breach is fraudulently concealed by the administrator or executor from the heirs, legatees, or persons pecuniarily interested, who are parties to the suit, and in such case within 3 years from the time such breach is discovered."

The court below found that there was no fraudulent concealment of the so-called illegal payment of August 23, 1932

and for the purpose of this case, the ruling stands, with ample evidence to justify it. The statute states clearly that the action must be brought within six years from the time of the breach unless it is fraudulently concealed by the executor. The plaintiff's evidence is based almost wholly on documents in the Probate Court of Sagadahoc County, which have been available to the public. It was for that reason probably the court found there was no fraudulent concealment and with that ruling we agree. We also concur with its findings that the breach, if any, occurred on the date of payment by McLellan to Dunham, August 23, 1932. The plaintiff, in his brief, admits the illegality complained of, occurred in July and August 1932.

The plaintiff claims that the statute of limitation did not begin to operate until the alleged fraud had been discovered, and because the alleged discovery was not made until Ralph A. Gallagher was appointed administrator, the six-year limitation is not applicable and action can be brought within twenty years of the giving of the bonds.

We are unable to find any authority to substantiate that postion. Much reliance is placed on *Cook, Judge of Probate* v. *Titcomb,* 115 Me. 38 as the authority for the plaintiff's position. It gives, in our opinion, no comfort to the plaintiff and fails to support his position. There Lendall Titcomb took possession of the estate of Nancy W. Cushman, who died testate March 20, 1892, and retained management of the estate until the death of the beneficiary, April 22, 1908. Titcomb died April 23, 1908. The defendant, his wife, was the sole beneficiary and executrix of his will. As such executrix, in June 1909, she filed her testator's administration-account, showing a balance of $2,619.83. After a hearing, the Judge of Probate, on January 25, 1915, found the amount due was $6,643.27. On March 20, 1915 the administrator of the Cushman estate demanded of the defendant the amount so decreed and payment was refused.

The court found in this case that the breach occurred on the defendant's refusal to make payment of the amount due the Cushman estate.

There was no such problem as exists here. The court ruled that the liability of the executor and sureties continued after his death because the estate had not been settled or the duties of the executor fully completed. In that sense the court ruled, and properly so, we believe, that the liabilities of the sureties still continued even beyond the death of the executor.

We rule that the breach, if any, complained of by the plaintiff, occurred August 23, 1932 and that there was no fraudulent concealment of his actions by the Executor McLellan.

On the contrary, practically all of the facts offered by the plaintiff were spread on the records of the Probate Court for Sagadahoc County from the time the case was closed for all to see, inspect or examine to their heart's content. If the plaintiff's position was adopted by this court it would completely nullify the law and would make it possible for anyone to engage in similar litigation anytime within twenty years, claiming that fraud was discovered much later than six years or as in this case nearly twenty years. No estate could be considered as completely closed until twenty years had elapsed because of possible lawsuits involving alleged misconduct of the executor or administrator. The rights of those involved would, for all practical purposes, be jeopardized and the purpose sought to be accomplished by the six-year limitation completely nullified. We believe it to be the purpose of the statute to take such cases out of the twenty-year limitation statute.

*Exception overruled.*